**JIN RONG LIN, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

No. 08–0043–ag.

United States Court of Appeals, Second Circuit.

Aug. 29, 2008.

Kurt Miller, Morgan Hill, CA, for Petitioner.

Gregory G. Katsas, Acting Asst. Atty. General; Barry J. Pettinato, Asst. Director; Katharine E. Clark, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Rong Lin, a native and citizen of the People's Republic of China,

seeks review of a December 4, 2007, order of the BIA denying her appeal from the IJ's January 18, 2007, denial of her motion to reconsider. *In re Jin Rong Lin,* No. A 72 460 017 (B.I.A. Dec. 4, 2007) *aff'g* No. A72 460 017 (Immig. Ct. N.Y. City Jan. 18, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to reconsider for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

In affirming the IJ's denial of Lin's motion to reconsider his denial of her motion to reopen, the BIA treated Lin's underlying motion to reopen as seeking to rescind her exclusion order and to reopen her proceedings to apply for additional relief. Alleging error in the IJ's denial of her motion for rescission, Lin argued before the agency that she established reasonable cause for her failure to appear at her hearing because the Form I–122 Notice to Applicant for Admission For Hearing Before Immigration Judge ("Form I–122") with which she was served was not written in her native language and the Immigration Officer did not provide a translator who spoke her dialect. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(B) ("A motion to reopen exclusion hearings on the basis that the [IJ] improperly entered an order of exclusion in absentia must be supported by evidence that the alien had reasonable cause for his failure to appear."). However, Lin does not challenge the agency's finding that she could have sought "clarification of or an explanation of the charging document" during the three-month period between the service of that document and her scheduled hearing. Accordingly, we leave that finding undisturbed. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that issues not sufficiently argued in the briefs are considered waived and ordinarily will not be addressed on appeal).

Lin also argued that the Form I–122 was deficient because it did not advise her of the consequences of her failure to appear. While the controlling regulation for deportation proceedings requires that an applicant receive written notice of the consequences of her failure to appear, the corollary regulation for exclusion proceedings does not. *See* 8 C.F.R § 1003.26(a)–(b). The BIA ruled that Lin's argument that the regulation should nevertheless be interpreted to require written notice to aliens in exclusion proceedings was contrary to the clear language of the regulations. Because Lin does not reference, let alone challenge, this ruling, we leave it undisturbed. *See Yueqing Zhang,* 426 F.3d at 546 n. 7. We thus find no abuse of discretion in the agency's denial of Lin's motion to reconsider to that extent. *See Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005).

With regard to Lin's assertion of error in the IJ's denial of her motion to reopen to seek adjustment of status and asylum, we see no abuse of discretion where Lin again waived any challenge to the agency's findings. Lin does not address the BIA's ruling that reopening was not warranted where she abandoned her asylum application by failing to appear at her exclusion

hearing. Likewise, Lin does not challenge the agency's ruling that because it lacked jurisdiction to adjudicate her adjustment of status application, reopening was unwarranted. While we note that the agency's ruling appears to conflict with our recent decision in *Sheng Gao Ni v. BIA,* 520 F.3d 125, 130 (2d Cir.2008), in light of Lin's failure to raise any such claim, and in the absence of manifest injustice, we leave the agency's ruling undisturbed. *See LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.,* 308 F.3d 169, 176 n. 8 (2d Cir.2002).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).