06-4477-ag, 06-5239-ag, 06-5302
Ni v. Board of Immigration Appeals, Zhou v. BCIS, Wang v. Mukasey

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2007

Docket No. 06-4477-ag
Docket No. 06-5239-ag
Docket No. 06-5302-ag

(Argued in Tandem: February 26, 2008                Decided: March 14, 2008)

---

SHENG GAO NI,

     *Petitioner*,

     v.

BOARD OF IMMIGRATION APPEALS,

     *Respondent.*

---

PENG-DI ZHOU,

     *Petitioner*,

     v.

BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,

     *Respondent.*

---

PIN ZHOU WANG,

     *Petitioner*,

     v.

MICHAEL B. MUKASEY,[*] Attorney General of the United States,

  *Respondent.*

---

Before: CABRANES, POOLER, and SACK, *Circuit Judges.*

Petitioners seek review of orders of the Board of Immigration Appeals ("BIA"), denying their respective motions to reopen removal proceedings. They contend that the motions should have been granted so that they would not remain subject to final orders of removal while pursuing their applications for adjustment of status before the U.S. Citizenship and Immigration Services ("USCIS"). Because we find that the BIA erred in denying the motions to reopen by failing to support its decision with a rational explanation, the petitions for review are GRANTED, the relevant orders are VACATED, and these cases are REMANDED to the BIA for proceedings consistent with this opinion.

> GARY J. YERMAN, New York, NY, *for Petitioner Sheng Gao Ni*, No. 06-4477-ag.
>
> THEODORE N. COX, New York, NY, *for Petitioner Peng-Di Zhou,* No. 06-5239-ag.
>
> THOMAS V. MASSUCCI, New York, NY, *for Petitioner Pin Zhou Wang,* 06-5302-ag.
>
> JOHN INKELES, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice (Neil R. Gallagher, Assistant United States Attorney; Christopher J. Christie, United States Attorney for the District of New Jersey, *on the brief)*, Washington, DC, *for Respondent in 06-4477-ag.*
>
> DANIEL LONERGAN, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice (Gina Walcott-Torres, Assistant United States

---

[*] Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Attorney; Michael J. Sullivan, United States Attorney for the District of Massachusetts, *on the brief)*, Washington, DC, *for Respondent in 06-5239-ag.*

JAMIE M. DOWD, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice (Peter D. Keisler, Assistant Attorney General, Civil Division; Jeffrey J. Bernstein, Senior Litigation Counsel, *on the brief)*, Washington, DC, *for Respondent in 06-5302-ag.*

JOSÉ A. CABRANES, *Circuit Judge*:

The captioned petitions, which another panel of this Court ordered to be heard in tandem, present a common question for our review: whether the Board of Immigration Appeals ("BIA") errs or "abuses its discretion"[1] when it denies a motion to reopen removal proceedings, filed by an asylum applicant seeking an adjustment of status before the U.S. Citizenship and Immigration Services ("USCIS"), on the ground that the BIA lacks jurisdiction over the adjustment application. We have jurisdiction over these petitions pursuant to 8 U.S.C. § 1252. Because the BIA did not set forth a rational explanation for its decision to deny petitioners' motions, we hold that their denial constitutes an error of law and remand these cases to the BIA for reconsideration of the motions to reopen.

## BACKGROUND

### A.       Sheng Gao Ni, 06-4477-ag

Sheng Gao Ni, a Chinese national, arrived in the United States on January 30, 2000 and, by a Notice to Appear dated February 24, 2000, was charged with attempting to enter the country by fraudulent means. On May 24, 2000, Ni filed an application for asylum and withholding of removal based on his claimed fear of political persecution in China. While this application was pending, Ni

---

[1] *See Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (explaining that "abuse of discretion" includes "error of law").

married a U.S. citizen, who then filed an I-130 "Immigrant Petition for Relative" with the USCIS, so Ni could adjust his residency status. The I-130 petition was approved in March 2004 and, on that basis, Ni moved to terminate his removal proceedings. A hearing on Ni's application for asylum and withholding of removal was held on November 10, 2004. At the beginning of the hearing, the Immigration Judge ("IJ") denied Ni's motion to terminate removal proceedings on the ground that, as an "arriving alien," Ni was ineligible for adjustment of status. Upon the hearing's conclusion, the IJ denied Ni's request for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85; and ordered his removal.

Ni then appealed to the BIA, challenging the IJ's denial of his (1) motion to terminate removal proceedings and (2) application for asylum and withholding of removal. While this appeal was pending, Ni filed a motion to reopen his removal proceedings and remand the case to the USCIS in light of a change in federal regulations, permitting "arriving aliens" to apply for an adjustment of status before the USCIS. Ni urged the BIA to "remand . . . his case to the USCIS for adjudication of his adjustment of status application." The BIA dismissed Ni's appeal and denied his motion to reopen and remand in a decision dated September 1, 2006. With respect to the motion to reopen and remand, the BIA explained its denial as follows:

> Since the respondent [Ni] is an arriving alien and does not come within the narrow exception which would permit an Immigration Judge to consider an arriving alien's application for adjustment of status, a remand is not warranted in this case. The respondent must pursue any application for adjustment of status with the United States Citizenship and Immigration Services (USCIS) independent of these removal proceedings.

*In re Sheng Gao Ni*, No. A 77 650 655 (B.I.A. Sept. 1, 2006), *aff'g* No. A 77 650 655 (Immig. Ct. N.Y. City Nov. 10, 2004).

**B.    Peng-Di Zhou, 06-5239-ag**

Peng-Di Zhou, a Chinese national, entered the United States in 1992 and shortly thereafter applied for asylum and withholding of removal. In 1999, Zhou received a Notice to Appear charging him with removal, and a hearing was held on March 29, 2001. At the conclusion of that hearing, the IJ denied Zhou's application for asylum and withholding of removal and ordered him removed to China. An appeal to the BIA followed. During the pendency of that appeal, Zhou divorced his first wife, a Chinese national, and married a U.S. citizen. His second wife filed, on Zhou's behalf, an I-130 petition, which was approved on May 13, 2002. Seven months later, the BIA affirmed the IJ's order of removal.

On February 23, 2003, Zhou moved to reopen his removal proceedings in light of the approval of his I-130 petition, which authorized him to seek an adjustment of status. This motion was initially granted on July 9, 2003, but the BIA vacated that decision in an Order dated February 1, 2006 on the ground that the IJ "did not have jurisdiction over respondent's application because the respondent is an arriving alien." *In re Peng-Di Zhou*, No. A 72 303 020 (B.I.A. Feb. 1, 2006). Zhou then petitioned this Court for review, but before the matter was heard, the parties entered into a stipulation remanding the case to the BIA for reconsideration in light of newly adopted regulations. Stipulation and Order, *Zhou v. BCIS*, Docket No. 06-0914-ag, dated Aug. 23, 2006. The stipulation explained that under the new regulations, the USCIS "may now 'exercise discretion to grant applications for adjustment of status . . . by aliens who have been paroled into the United States and who have been placed in removal proceedings.'" *Id.* (quoting 71 Fed. Reg. 27,588). We approved the stipulation and ordered a remand on August 23, 2006.

On remand, the BIA denied Zhou's motion to reopen, explaining that as an "arriving alien . . . [Zhou] may not apply for adjustment of status in removal proceedings before an Immigration Judge" and instructing him to "pursue any application for adjustment of status with the United States

5

Citizenship and Immigration Services (USCIS) independent of these removal proceedings." *In re Peng-Di Zhou*, No. A 72 303 020 (B.I.A. Nov. 6, 2006).

### C.       **Pin Zhou Wang, 06-5302-ag**

Pin Zhou Wang, a Chinese national, arrived in the United States in November 1991 and filed an application for political asylum shortly thereafter. In 1999, Wang was placed in removal proceedings and ordered removed in March 2004 by an IJ, upon the denial of his application for asylum, withholding of removal, and relief under the CAT. *In re Pin Zhou Wang*, No. A72 020 341 (Immig. Ct. N.Y. City Mar. 17, 2004). The BIA affirmed the result of this decision, without opinion, on July 1, 2005. *In re Pin Zhou Wang*, No. A72 020 341 (B.I.A. Jul. 1, 2005).

During the pendency of Wang's removal proceedings, Periyali Restaurant filed an I-140 "Immigrant Petition for Alien Worker" on behalf of Wang. After this petition was approved by the Immigration and Naturalization Service ("INS") in January 2002, Wang filed an application before the INS to adjust his status to lawful permanent resident. The record suggests, however, that Wang never pressed his apparent eligibility for adjustment of status before the IJ. On April 13, 2006, Wang filed a motion to reopen his removal proceedings based on the ineffective assistance of his prior counsel. Wang urged that his counsel was ineffective for failing to have the IJ adjudicate his eligibility for adjustment of status. The BIA observed that Wang's motion was untimely, but "[a]ssume[d], without deciding, that the respondent ha[d] acted with due diligence so as to equitably toll the untimeliness of his motion." *In re Pin Zhou Wang*, No. A72 020 341 (B.I.A. Oct. 31, 2006). The BIA denied the motion on jurisdictional grounds, explaining that "respondent is an arriving alien and does not come within the narrow exception which would permit an Immigration Judge to consider an arriving alien's application for adjustment of status." *Id.* Accordingly, the BIA concluded that "reopening is not warranted in this

case.  The respondent must pursue any application for adjustment of status with the United States Citizenship and Immigration Services (USCIS) independent of these removal proceedings."  *Id.*

\* \* \*

Ni, Zhou, and Wang now petition this Court for review of the BIA's decision in each of their cases.

## DISCUSSION

We review the BIA's denial of a motion to reopen removal proceedings for "abuse of discretion."  *See Melnitsenko v. Mukasey*, __ F. 3d. __, No. 06-3189-ag, 07-0110-ag, 2008 U.S. App. LEXIS 2549 (2d Cir. Feb. 6, 2008); note 1, *ante*.  As this Court recently explained, "[t]he BIA exceeds its allowable discretion if its decision (1) provides no rational explanation, (2) inexplicably departs from established policies, (3) is devoid of any reasoning, . . . (4) contains only summary or conclusory statements, . . . [or (5) ]fails to consider the facts of record relevant to the motion."  *Id.* at \*18 (internal citations and quotation marks omitted).  Pursuant to this standard, we conclude that the BIA erred when it denied petitioners' motions to reopen their respective removal proceedings.

The BIA denied each of the motions to reopen on jurisdictional grounds, relying on a regulation, then recently adopted by the Attorney General, that barred the adjudication in removal proceedings of most applications for adjustment of status.  *See* Eligibility of Arriving Aliens in Removal Proceedings to Apply for Adjustment of Status and Jurisdiction to Adjudicate Applications for Adjustment of Status, 71 Fed. Reg. 27,585, at 27,587 (May 12, 2006) (codified at 8 C.F.R. §§ 1.1, 245.1, 245.2, 1001.1, 1245.1 and 1245.2) ("With only one narrow exception, arriving aliens will not be able to submit or renew applications for adjustment of status in removal proceedings.").  Pursuant to this regulation, arriving aliens in removal proceedings, such as the petitioners in this case, must press their adjustment applications before the USCIS.  *See id.* at 27,588 ("[The] USCIS [will be permitted] to

7

exercise discretion to grant applications for adjustment of status to that of a lawful permanent resident by aliens who have been paroled into the United States and who have been placed in removal proceedings."). Inasmuch as the BIA accurately relayed the substance of this regulation to petitioners, it cannot be said that the BIA misconstrued the regulation's effect on its jurisdiction over adjustment applications filed by aliens in removal proceedings.

The BIA erred, nevertheless, because a rote recital of a jurisdictional statement—even if technically accurate—does not adequately discharge the BIA's duty to "consider the facts of record relevant to the motion" and provide a "rational explanation" for its ruling. *Melnitsenko*, 2008 U.S. App. LEXIS 2549, at *18. From our review of the record, we have no doubt that petitioners sought to reopen and continue their removal proceedings and, at the same time, obtain an adjustment of status pursuant to the new regulations. We find no reason for the BIA to have assumed, however, that petitioners intended to press their applications in removal proceedings, rather than before the USCIS, the forum so designated by the regulation. Indeed, two of the petitioners—Ni in his brief on appeal to the BIA and Zhou in the Stipulation and Order—clearly set forth that they intended to pursue their adjustment applications before the USCIS. A more likely purpose of the motions to reopen, then, was to permit petitioners to press their adjustment applications before the USCIS without remaining subject to final orders of removal. The BIA did not consider, however, whether petitioners' newfound ability to file adjustment applications with the USCIS warranted a favorable exercise of its discretion to reopen and continue the proceedings and thereby lift the removal orders. Accordingly, the reason set forth by the BIA for its denial of the motions—a lack of jurisdiction over adjustment applications—was unresponsive to the relief petitioners sought and therefore did not provide a "rational explanation" for the denial. *Melnitsenko*, 2008 U.S. App. LEXIS 2549, at *18.

8

The U.S. Court of Appeals for the Seventh Circuit reached a similar conclusion in *Potdar v. Keisler*, in which an alien subject to a final order of removal moved the BIA to reopen his proceedings in light of a pending employment-based visa application and an adjustment of status application. 505 F.3d 680, 683 (7th Cir. 2007). The BIA granted the motion, but on remand, the IJ construed the motion as "a request for adjustment of status *by the immigration court*" and "concluded that he lacked jurisdiction to entertain [such] an application." *Id.* (emphasis in original). The BIA affirmed. On appeal to the Seventh Circuit, that Court concluded, in light of the circumstances giving rise to the motion (i.e., the visa and adjustment of status applications), that "the IJ plainly misapprehended the [BIA]'s order reopening proceedings. [The petitioner] did not request adjustment of status from the IJ; he requested only an opportunity to pursue that relief through appropriate administrative channels." *Id.* at 684. The Court observed that "the IJ answered a question he was never asked; the approach he took to the case was not responsive to the inquiry the Board had placed before him in granting [petitioner's] motion to reopen the proceedings." *Id.* Accordingly, the Court concluded that "[r]ather than construe the application as one for adjustment, the IJ should have considered whether, [in order] *to allow administrative adjudication to proceed* [before the USCIS], it would have been appropriate to terminate or continue exclusion proceedings."[2] *Id.* We believe that the BIA made a similar error here, when it denied petitioners' motions on a basis that was not responsive to petitioners' request.

Respondents maintain that there is simply no basis for reopening petitioners' removal proceedings because the BIA lacks jurisdiction over adjustment of status applications and reopening is unnecessary for petitioners "to benefit from the new rule because an alien who applies to USCIS for

---

[2] The Court then construed petitioner's motion to reopen as a request for a continuance. *Potdar*, 505 F.3d at 684. Citing Seventh Circuit precedent barring judicial review of denials of continuances, the Court dismissed the petition for lack of jurisdiction. *Id.* at 685. In this Circuit, however, we have jurisdiction to review denials of continuances. *See Sanusi v. Gonzales*, 445 F.3d 193, 198 (2d Cir. 2006). We also conclude that, pursuant to our own precedents, petitioners are entitled to a "rational explanation" for the denial of their motions to reopen, *see Melnitsenko*, 2008 U.S. App. LEXIS 2549, at *18, and we remand the cases for that purpose.

adjustment under the new regulations can have that application adjudicated even after he has a final order of removal." We observe that the U.S. Court of Appeals for the Eleventh Circuit applied this reasoning in *Scheerer v. U.S. Attorney General*, 513 F.3d 1244 (11th Cir. 2008), in which it held:

> [Because] immigration courts have no jurisdiction over adjustment applications filed by aliens in [petitioner's] position, . . . his application would never return to the immigration courts even if denied by USCIS. Given these circumstances—in which there is no possibility that [petitioner's] adjustment application would be adjudicated during removal proceedings—the BIA did not abuse its discretion in denying [petitioner's] motions [to reopen and to reconsider].

*Id.* at 1254. The Ninth Circuit, however, has taken a dim view of this position. *See Kalilu v. Mukasey*, __ F.3d __, No. 06-75425, 2008 U.S. App. LEXIS 3157 (9th Cir. Feb. 14, 2008). In *Kalilu*, that Court explained:

> The opportunity that the Interim Rule affords for an arriving alien in removal proceedings to establish his eligibility for adjustment based on a *bona fide* marriage is rendered worthless where the BIA, as it purports to do in the present case, denies a motion to reopen (or continue) that is sought in order to provide time for USCIS to adjudicate a pending application. Without a reopening or a continuance, an alien is subject to a final order of removal, despite the fact that he may have a *prima facie* valid I-130 and adjustment application pending before USCIS. If an alien is removed, he is no longer eligible for adjustment of status.

*Id.* at *5-6. We need not decide today which of these views best captures the equities of the circumstances in which petitioners and those similarly situated find themselves. That is a question the BIA must address in the first instance. *See generally Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101, 131-32 (2d Cir. 2006). Accordingly, we remand these cases to the BIA for reconsideration of whether petitioners' motions to reopen warrant a favorable exercise of the BIA's discretion.[3] Should the BIA decide on remand to deny the motions, it must provide adequate reasons for doing so, thereby furnishing this Court with a meaningful opportunity to review any such denial.[4] To that end, we direct

---

[3] Because we remand these cases for reconsideration of the motions to reopen, we need not consider at this time the unrelated issues raised in Ni's petition that are specific to his case.

[4] In addition, we note petitioners' argument that by denying these motions, the BIA inexplicably departed from its established policy of granting motions to reopen in order to permit the adjudication of status-adjustment applications. *Cf. In re Garcia*, 16 I & N Dec. 653, 657 (BIA 1978) ("[W]e believe that discretion should, as a general rule, be favorably

that the mandate shall issue forthwith and that jurisdiction shall be returned to this Court, pursuant to *United States v. Jacobson*, 15 F.3d 19, 21-22 (2d Cir. 1994), upon a letter request from any party. Upon such a restoration of jurisdiction, the matter is to be referred to this panel.

## CONCLUSION

For the foregoing reasons, the petitions for review are GRANTED. The September 1, 2006 decision of the BIA denying Ni's motion to reopen; the November 6, 2006 decision of the BIA denying Zhou's motion to reopen; and the October 31, 2006 decision of the BIA denying Wang's motion to reopen are VACATED, and these cases are REMANDED to the BIA for proceedings consistent with this opinion.

---

exercised where a prima facie approvable visa petition and adjustment application have been submitted in the course of a deportation hearing or upon a motion to reopen."); *Pedreros v. Keisler*, 503 F.3d 162, 165 (2d Cir. 2007) (observing that "[i]t is a matter of long-standing and express BIA policy that, as a general matter, an alien is entitled to a continuance of removal proceedings against him while a 'prima facie approvable' I-130 immigrant visa petition is pending in front of the District Director."). Should the BIA decide on remand to deny petitioners' motions, it should explain how doing so comports with BIA policy in this area.