**Billu SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States,[1] Respondent.**

No. 07–3794–ag.

United States Court of Appeals, Second Circuit.

April 11, 2008.

Viney K. Gupta, Orange, CA, for Petitioner.

Robbin K. Blaya, Office of Immigration Litigation (Jeffrey Bucholtz, Assistant Attorney General, on the brief; Barry J. Pettinato, Assistant Director, Office of Immigration Litigation, of Counsel) Washington, DC., for Respondent.

PRESENT: JOSÉ A. CABRANES, SONIA SOTOMAYOR, and RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Petitioner Billu Singh, a native and citizen of India, seeks review of an August 14, 2007 order of the BIA denying his motion to reopen his removal proceedings. *In re Billu Singh,* No. A 70 657 377 (BIA. Aug. 14, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

mer Attorney General Alberto R. Gonzales as a respondent in this case.

"We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion." *Gao Ni v. Bd. of Immigration Appeals,* 520 F.3d 125, 129 (2d Cir.2008) (internal quotation marks omitted). "The BIA exceeds its allowable discretion if its decision (1) provides no rational explanation, (2) inexplicably departs from established policies, (3) is devoid of any reasoning, (4) contains only summary or conclusory statements, or (5) fails to consider the facts of record relevant to the motion." *Id.* (internal brackets, ellipses, and quotation marks omitted)

On appeal, Singh contends that the BIA wrongly denied his motion as untimely, "disregarding the fact" that the removal order entered against him by an Immigration Judge on November 8, 2002—and summarily affirmed by the BIA on April 27, 2004—was defective because the Department of Homeland Security failed to establish his removability "by clear and convincing evidence." He further contends that the BIA should have taken into account the ineffectiveness of the attorney who represented him in his asylum proceeding and the fact that he had a pending I–526 petition for an investor visa.

The BIA determined that Singh did not qualify for a reopening of his removal proceedings on the basis of ineffective assistance of counsel because his submissions failed to comply with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). *See, e.g., Jiang v. Mukasey,* 522 F.3d 266, 270 (2d Cir.2008) (recognizing that "[a] motion to reopen premised on ineffective assistance of counsel must comply with the requirements set forth in *Matter of Lozada* "). The BIA also noted that Singh had failed to establish his *prima facie* eligibility for an investor visa based on the "incomplete" state of the paperwork he submitted for consideration

by the BIA. *Cf. INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (noting that the BIA may deny a motion to reopen for "failure to establish a prima facie case for the relief sought"). Finally, the BIA determined that Singh's submission of a "copy of a United States visa bearing the name of Amarjit Singh Dhillon, with a date of birth of October 25, 1962" did not convincingly establish that Singh was properly admitted to the United States when "[a]ll of [Singh's] documentary evidence, including his alleged birth certificate, and testimony before the Immigration Judge identify him as Billu Singh, born September 16, 1964."

Upon review of the record, we discern no error by the BIA—let alone any abuse of discretion. Nor do we understand Singh to raise any other potentially meritorious arguments.

For the foregoing reasons, Singh's petition for review is DENIED. As we have completed our review, Singh's pending motion for a stay of removal is DISMISSED as moot.