XUE WEN GUAN, Xu
Guan, Petitioners,

v.

BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.

No. 06–4451–ag.

United States Court of Appeals,
Second Circuit.

Aug. 7, 2008.

Theodore N. Cox, New York, N.Y., for Petitioner.

Douglas E. Ginsburg, Trial Attorney (Peter D. Keisler, Assistant Attorney General; Michael P. Lindemann, Assistant Director, on the brief), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioners Xue Wen Guan and Xu Guan, natives and citizens of the People's Republic of China, seek review of an August 31, 2006 order of the BIA denying their motion to reopen. *In re Xue Wen Guan & Xu Guan, a.k.a. Xiong Zheng,* Nos. A29 796 243 and A77 308 729 (B.I.A. Aug. 31, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

As an initial matter, for substantially the reasons set forth in the BIA's decision, and pursuant to our recent decision in *Brito v. Mukasey,* 521 F.3d 160 (2d

Cir.2008), we conclude that the BIA did not err in finding that it lacked jurisdiction over Guan's adjustment application.

■ Nevertheless, we hold that the BIA abused its discretion in denying the motion to reopen. Once the BIA determined that Guan's case "d[id] not fall within the narrow exception that would permit an Immigration Judge to consider an arriving alien's application for adjustment of status," it "conclud[ed] that reopening [wa]s not warranted in this situation, and [Guan] must pursue an application for adjustment of status with the United States Citizenship and Immigration Services (USCIS) independent of these removal proceedings."

In *Sheng Gao Ni v. BIA*, 520 F.3d 125, 129 (2d Cir.2008), however, we rejected almost identical language by the BIA as providing an inadequate basis for denying the motion to reopen. Reasoning that "we have no doubt that petitioners sought to reopen and continue their removal proceedings and, at the same time, obtain an adjustment of status pursuant to the new regulations," and that "[t]he BIA did not consider ... whether petitioners' newfound ability to file adjustment applications with the USCIS warranted a favorable exercise of its discretion to reopen and continue the proceedings and thereby lift the removal orders," we concluded that "the reason set forth by the BIA for its denial of the motions—a lack of jurisdiction over adjustment applications—was unresponsive to the relief petitioners sought and therefore did not provide a rational explanation for the denial." *Id.* at 130 (internal quotation marks omitted). Accordingly, "we remand[ed] the[ ] cases to the BIA for reconsideration of whether petitioners' motions to reopen warrant a favorable exercise of the BIA's discretion," instructing that BIA that should it "decide on remand to deny the motions, it must provide adequate reasons for doing so, thereby furnishing this Court with a meaningful opportunity to review any such denial." *Id.* at 131.[1]

Similarly, here, Guan has an approved labor petition, and as Guan's pending motion to remand to the USCIS demonstrates, what Guan actually seeks is to have his proceedings reopened so that his adjustment of status application may be adjudicated by whichever body retains jurisdiction to do so. The BIA, aside from its "rote recital of a jurisdictional statement," *id.* at 129, did not provide "adequate reasons" for denying the motion to reopen to give this Court "a meaningful opportunity to review" its denial, *id.* at 131. Accordingly, we grant the petition for review.[2]

For the foregoing reasons, the petition for review is GRANTED. The BIA's decision is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot, and the pending motion to remand is DENIED as moot.

---

1. We note that the cases are currently pending before the BIA.

2. Because we remand for reconsideration of the motion to reopen, we need not consider at this time the unrelated arguments raised in the petition for review. *See Sheng Gao Ni,* 520 F.3d at 131 n. 3.