**JIAN XIN LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–1760–ag.**

United States Court of Appeals, Second Circuit.

Oct. 20, 2008.

Meer M.M. Rahman, New York, N.Y. for Petitioner.

Gregory G. Katsas, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Andrew B. Insenga, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Jian Xin Lin, a native and citizen of the People's Republic of China, seeks review of the March 17, 2008 order of the BIA denying his motion to reopen. *In re Jian Xin Lin,* No. A77 645 026 (B.I.A. Mar. 17, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Azmond Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).

 It is undisputed that Lin's October 2007 motion to reopen was filed nearly five years after the BIA's November 2002 decision, and was the second such motion he had filed. Therefore, the BIA properly observed that his motion was subject to both the time and numerical bars found in 8 C.F.R. § 1003.2(c)(2), unless he could establish an exception to those bars as enumerated in 8 C.F.R. § 1003.2(c)(3). Significantly, Lin does not argue that his motion qualifies for an exception to the time and numerical bars, but rather asserts that the BIA abused its discretion in applying those bars without analyzing his *prima facie* eligibility for adjustment of status. Lin relies on *Sheng Gao Ni v. BIA,* in which we held that the BIA's denial—on jurisdictional grounds—of motions to reopen filed by certain arriving aliens "[did] not adequately discharge [its] duty to consider the facts of record relevant to the motion and provide a rational explanation for its ruling." 520 F.3d 125, 129–30 (2d Cir.2008) (internal quotation marks omitted). Lin's reliance is misplaced. The BIA did not deny his motion to reopen on jurisdictional grounds, and the motions we considered in *Sheng Gao Ni* were neither untimely nor numerically barred.

Furthermore, contrary to Lin's assertion, *Matter of Velarde–Pacheco,* 23 I. & N. Dec. 253, 256 (BIA 2002), does not support his argument.

 Moreover, to the extent Lin argues that the BIA erred in declining to reopen his case *sua sponte,* that decision was "entirely discretionary" and beyond the scope of our review. *Azmond Ali,* 448 F.3d at 518. Ultimately, we conclude that the BIA's denial of Lin's motion to reopen was not an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).