**Kissima SAHO, Petitioner,**

**v.**

**Eric H. HOLDER Jr.,\* United States Attorney General, Respondent.**

**Nos. 08–2780–ag, 09–0888–ag.**

United States Court of Appeals, Second Circuit.

Sept. 8, 2009.

---

\* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Attorney General Eric H. Holder is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Heidi J. Meyers, New York, NY, for Petitioner.

Brendan P. Hogan, Attorney, Office of Immigration Litigation, Civil Division (Gregory G. Katsas, Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director, Office of Immigration Litigation, Civil Division, on the brief), Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES, Circuit Judges, GERARD E. LYNCH, District Judge.**

### SUMMARY ORDER

Petitioner Kissima Saho ("petitioner" or "Saho"), a native and citizen of The Gambia, seeks review of the Board of Immigration Appeals ("BIA") orders of May 16, 2008, and February 27, 2009, denying his motions to reopen. Petitioner argues that (1) he is eligible for a reopening of his proceedings without regard to time limits because he did not receive oral notice of the date and time of his hearing; (2) the BIA erred in finding that he failed to appear because petitioner was at the immigration court, though in the incorrect room, at the time and date of his hearing; (3) the BIA erred when it found that he was not *prima facie* eligible to submit a successive application for asylum, withholding of removal, and relief under the Convention Against Torture; (4) the BIA erred in upholding his *in absentia* removal order because he established that he had ineffective assistance of counsel, which qualifies as exceptional circumstances that are sufficient to mitigate his failure to appear; (5) equitable tolling should apply in this case; (6) his motion to reopen is not time-barred because country conditions in The Gambia have changed; and (7) he is eligible for "re-papering" and cancellation of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

 First, this Court lacks jurisdiction to consider several of petitioner's arguments regarding the May 2008 order because he failed to exhaust all administrative remedies. 8 U.S.C. § 1252(d)(1).[1]

Furthermore, we have consistently held that we ordinarily will not consider arguments regarding individual issues that were not exhausted before the agency. *See, e.g., Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 122–23 (2d Cir.2007). Before the BIA, Saho failed to challenge his *in absentia* order of removal because of alleged ineffective assistance of counsel and because he allegedly did not receive oral notice of the hearings. Additionally, Saho did not argue before the BIA that he "attended" his hearing because he was at the immigration court, though assertedly in the incorrect room. Finally, Saho argued neither that he is eligible for "re-papering" nor that equitable tolling should apply before the BIA. Accordingly, we cannot consider any of these arguments. We therefore proceed to consider the remaining questions pressed by Saho—namely, his challenge to the BIA's May 2008 order denying his motion to reopen.

We review denials of motions to reopen or continue proceedings for "abuse of discretion." *See Melnitsenko v. Mukasey,* 517 F.3d 42, 50 (2d Cir.2008). The BIA "abuses its discretion"—that is, errs as a matter of law—if its decision "(1) provides no rational explanation, (2) inexplicably departs from established policies, (3) is devoid of any reasoning, (4) contains only summary or conclusory statements, or (5) fails to consider the facts of record relevant to the motion." *Ni v. Mukasey,* 520 F.3d 125, 129 (2d Cir.2008) (internal alteration marks omitted).

 Here the BIA denied Saho's motion to reopen because it was untimely and numerically barred under the applicable regulation. 8 C.F.R. § 1003.2(c)(2). An alien seeking to reopen proceedings is en-

---

** The Honorable Gerard E. Lynch, of the United States District Court for the Southern District of New York, sitting by designation.

1. This statute provides that "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1).

titled to one motion to reopen and must file that motion no later than 90 days after the date on which the final administrative order was entered. *Id.* Saho challenges the BIA's denial of his *third* motion to reopen, which was filed in August 2007—ten years after the Immigration Judge ordered Saho removed. There is no dispute that Saho's August 2007 motion to reopen was untimely and numerically barred.

Although Saho's motion is untimely and numerically barred, he may reopen his proceedings if he qualifies for one of the exceptions outlined in the regulations. *See* 8 C.F.R. § 1003.2(c)(3). Saho argues that he qualifies for the exception allowing additional motions to reopen "based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available . . . at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Although Saho does allege a change in his *personal* circumstances—the birth of his three U.S. citizen daughters—he does not allege a change in circumstances in the country of removal. It is well-settled that a change in personal circumstances does not qualify as an exception to the time and number limits on motions to reopen. *See Wei Guang Wang v. Board of Immigration Appeals,* 437 F.3d 270, 273–74 (2d Cir.2006); *Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005). Because Saho did not allege a change in country circumstances, he does not qualify for an exception to the time and number limits and therefore the BIA's denial of his motion to reopen was proper.

█ Furthermore, Saho is ineligible to file a successive asylum application because he is subject to a final order of removal. To file a successive asylum application when subject to a final order of

removal, a petitioner must meet the same procedural requirements as a motion to reopen. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156 (2d Cir.2008). Specifically, a petitioner must exhibit a change in country conditions that would warrant an exception to the time and number limits for a motion to reopen. *Id.* at 150. Because Saho alleges only a change in personal circumstances, and does not suggest, much less show, changed country conditions, he is ineligible to file a successive application for asylum while subject to a final order of removal.[2]

Because we conclude that the BIA was correct in its May 2008 order denying Saho's motion to reopen on these several procedural grounds, we need not reach the issue of whether Saho was *prima facie* eligible for asylum or withholding of removal. *See, e.g., Immigration & Naturalization Serv. v. Abudu,* 485 U.S. 94, 106–07, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (holding that there are three independent grounds on which the BIA may deny a motion to reopen, including for failure to offer material, previously unavailable evidence). As we have previously held, "[b]ecause petitioners failed to satisfy the requirements for a motion to reopen, the BIA did not err in . . . failing to consider their successive asylum applications." *Yuen Jin,* 538 F.3d at 160.

Finally, we conclude that the BIA was correct in denying petitioner's fourth motion to reopen. First, neither Saho's argument that he should not be considered to have failed to appear for his deportation hearings nor the claim that he failed to receive oral warnings of the consequences of his failure to appear provide for an exception to the time and number limitations on motions to reopen. *See* 8 C.F.R. § 1003.2(c).

**2.** Petitioner may of course ask the BIA to reopen his case *sua sponte* so that, even at this late date, he can make his claims related

to FGM. We intimate no view on any such application.

■ Second, though ineffective assistance of counsel may in some circumstances provide a basis for equitable tolling of the time and number limitations, "an alien must demonstrate that he or she has exercised due diligence during the entire period he or she seeks to toll. This includes both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir.2008). Here, as the BIA properly found, nine years passed from the time Saho received the allegedly ineffective assistance until he sought to reopen his proceedings, during which time he took no apparent action to pursue his claims, making equitable tolling entirely inappropriate.

Accordingly, there is no basis to reopen Saho's deportation proceedings or to rescind the *in absentia* order of deportation and the BIA did not err in finding the third and fourth motions to reopen time and number barred. As Saho is subject to a final order of deportation, he is *prima facie* ineligible for the "re-papering" procedure of Section 309(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, which is available only in cases "in which there has not been a final administrative order" of deportation. Pub.L. 104–208, § 309(c), 110 Stat. 3009 (codified as Note to 8 U.S.C. § 1101).

## CONCLUSION

For the foregoing reasons, the petition for review is **DENIED.**

---

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.