Zhou v. Holder

BIA
A095 708 744

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of March, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> RICHARD C. WESLEY,
> *Circuit Judges*.

————————————————————————————

MIAO ZHOU,
> *Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

09-1669-ag

NAC

————————————————————————————

FOR PETITIONER:          Fuhao Yang, New York, New York.

FOR RESPONDENT:          Michael F. Hertz, Assistant Attorney
                         General; Blair T. O'Connor,
                         Assistant Director; Samia Naseem,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Miao Zhou, a native and citizen of the People's Republic of China, seeks review of a March 23, 2009 order of the BIA denying his motion to reopen as untimely filed. *In re Miao Zhou*, No. A095 708 744 (B.I.A. Mar. 23, 2009). We review the denial of a motion to reopen immigration proceedings for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). In doing so here, we assume the parties' familiarity with the underlying facts and procedural history of the case.

A motion to reopen must generally be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 C.F.R. § 1003.2(c)(2). Zhou does not contest that he filed his petition after the 90-day deadline had passed. Rather, he argues that the BIA's denial of his motion to reopen was "contrary to law" because, as an "arriving alien," he should have been allowed to apply for adjustment of status on account of his marriage to a U.S. citizen. Pet'r's Br. at 10. The argument is

2

without merit.  As the government correctly contends, the United States Citizenship and Immigration Services, not the BIA, has jurisdiction to adjudicate the adjustment-of-status application of an "arriving alien."  *See Matter of Yauri*, 25 I. & N. Dec. 103, 107 (B.I.A. 2009); *see also Sheng Gao Ni v. BIA*, 520 F.3d 125, 129 (2d Cir. 2008).

Zhou's reliance on the "changed circumstances" exception set forth at 8 U.S.C. § 1158(a)(2)(D) is also unavailing, as that provision has no bearing on motions to reopen.  *See Yuen Jin v. Mukasey*, 538 F.3d 143, 151-52 (2d Cir. 2008).  The BIA correctly concluded that Zhou did not meet an exception to the filing deadline applicable to his motion.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).  Thus, it did not abuse its discretion in denying Zhou's motion to reopen as untimely.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk