**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1129
_____

YONG HUI JIANG,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
Immigration Judge: Honorable Daniel Meisner
(Agency No. A70-088-574)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2010

Before:  BARRY, STAPLETON and NYGAARD, Circuit Judges

(Opinion filed: April 9, 2010)
_____

OPINION
_____

PER CURIAM

        Petitioner, Yong Hui Jiang, a citizen of the People's Republic of China, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen.  For the following reasons, we will deny his petition for review.

Jiang entered the U.S. in May 1991 with false documentation and without a visa. Jiang was placed in exclusion proceedings at that time. Jiang conceded that he was properly in exclusion proceedings, admitted excludability, and applied for asylum and withholding of deportation. After a merits hearing, the Immigration Judge (IJ) concluded that Jiang failed to establish either past persecution or a well-founded fear of future persecution given his testimony that he simply participated in 6-8 hours of student demonstrations in 1989, and suffered no harassment or harm of any kind. Accordingly, in a decision issued in 1992, the IJ denied Jiang's applications for relief and ordered him excluded. The Board of Immigration Appeals (BIA) summarily dismissed Jiang's appeal in an order dated January 27, 1995, because he "in no meaningful way identified the basis of the appeal from the decision of the immigration judge." (A.R. at 626). Jiang did not file a petition for review in this Court.

After the passage of nearly 10 years, in 2004, Jiang filed a motion to reopen. Jiang asserted in the motion that his sister-in-law had filed an I-130 petition on behalf of his family, and that the petition had been approved in 1994. Additionally, Jiang stated that, while it took nearly a decade, the INS had issued Jiang and his wife immigration visa numbers, thus rendering them eligible to adjust their status to that of permanent residents. (A.R. 565-66). Given these circumstances and the fact that Jiang and his wife were now the parents of two young boys (which, they argued, would subject them to forced sterilization upon their return to China), he requested that the BIA reopen his proceedings

2

and remove the exclusion order to allow him to, <u>inter alia</u>, apply for adjustment of status and relief under the Convention Against Torture (CAT). The BIA denied Jiang's reopen motion as having been filed out of time under both 8 C.F.R. § 1003.2(c)(2) and 8 C.F.R. § 1208.16.[1] Jiang thereafter filed a motion asking the BIA to "reconsider/reopen" its decision, but the BIA denied the motion. Petitioner did not seek review of that order.

Jiang returned to the BIA in 2007 with yet another motion, this time seeking leave to either file a successive motion for asylum, withholding of removal and relief under the CAT and/or to reopen his exclusion proceedings. Once again, Jiang argued that his changed condition (i.e., the birth of his two children) and approved I-130 petition warranted an opening of his exclusion proceedings so that those proceedings could be administratively closed, thus allowing him to apply for an adjustment of his status to that of a lawful permanent resident. Jiang's ability to file for adjustment of status was contingent on the success of his wife's application for adjustment of status. (Joint Motion to Hold Proceedings in Abeyance at 1.) The BIA again denied the motion, noting that, because Jiang was in exclusion proceedings, neither that tribunal nor the IJ had jurisdiction over his application for adjustment of status. (A.R. 2.). As such, the BIA concluded that even if Jiang's motion were not subject to the time and number limitations in the regulations, his alleged eligibility for adjustment of status would not be a valid reason to reopen his proceedings in Immigration Court. The BIA also denied Jiang's

---

[1] Section 1208.18(b)(2)(i) provides that an alien under a final order of exclusion that became final prior to March 22, 1999 may move to reopen proceedings for the sole purpose of seeking protection under § 1208.16(c) (for withholding under CAT), but that such a "motion to reopen shall not be granted unless filed within [sic] June 21, 1999."

3

remaining arguments for reopening. Jiang filed a timely petition for review.

We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

Jiang challenges only the BIA's decision to deny his motion to reopen based on his eligibility to adjust his status. He relies primarily on Sheng Gao Ni v. B.I.A., 520 F.3d 125 (2d Cir. 2008), for the proposition that the BIA abuses its discretion by denying motions to reopen by petitioners seeking adjustment of status before the United States Citizen and Immigration Services ("USCIS"). In Sheng Gao Ni, which consolidated three cases, the BIA denied three motions to reopen on the basis that, pursuant to newly adopted regulations, it lacked jurisdiction over the petitioners' applications for adjustment of status. 520 F.3d at 129. The Second Circuit found that the BIA's denials constituted an error of law because it did not set forth a rational explanation for its decisions. Id. While noting that applications for adjustment of status are properly filed with USCIS, the court held that the BIA failed to consider "whether the petitioners' newfound ability to file adjustment applications [with USCIS] warranted a favorable exercise of [the BIA's] discretion to reopen and continue the proceedings and thereby lift the removal orders." Id. at 130.

Jiang contends that the BIA erred by not considering reopening based on his ability to file an adjustment application with the USCIS. In other words, Jiang wished to freely

4

pursue adjustment with the USCIS without remaining under an exclusion order–a type of relief that <u>Sheng Gao Ni</u> suggested, at least, that the BIA should seriously consider. Since his filing, however, USCIS has denied Jiang's wife's motion for adjustment of status. (Resp.'s Motion to Reset Briefing Schedule at 4.) Inasmuch as his adjustment of status was premised on the success of her adjustment of status, Jiang's claim that the BIA did not consider his ability to file for adjustment of status in denying his motion to reopen is now moot. <u>See</u> <u>Los Angeles County v. Davis</u>, 440 U.S. 625, 631 (1979) (A case is moot where "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."). In essence, because Jiang is no longer eligible for an adjustment of status, his claim that the BIA erred in failing to consider whether such an adjustment warrants re-opening is no longer a live controversy for us to review.[2]

For the foregoing reasons, we will deny the petition for review.

---

[2] Of course, Jiang's case would not be moot if he could show that the BIA's denial of his motion somehow affected his wife's adjustment application. Jiang has not made this showing and it is not clear whether he could. We do not see how a favorable decision from the BIA in his case would have affected his wife's application for adjustment.