09-2763-ag
Singh v. Holder

BIA
A075 917 719

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of July, two thousand eleven.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

PARAMJIT SINGH,
> *Petitioner,*

> v.                                         09-2763-ag
>                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Genet Getachew, Brooklyn, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Leslie McKay, Assistant
                       Director; Jane T. Schaffner, Trial
                       Attorney, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Paramjit Singh, a native and citizen of India, seeks review of a June 1, 2009, decision of the BIA, denying his motion to remand and affirming the July 26, 2007, decision of Immigration Judge ("IJ") Annette S. Elstein, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Paramjit Singh,* No. A075 917 719 (B.I.A. June 1, 2009), *aff'g* No. A075 917 719 (Immig. Ct. N.Y. City July 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We previously granted in part the Government's motion for summary disposition to the extent Singh challenged the denial of withholding of removal. Because Singh does not challenge either the agency's pretermission of his untimely asylum application or its denial of his CAT claim, the only issue for review is Singh's challenge to the BIA's denial of his motion to remand. *See Yuequing Zhang*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

We review the BIA's denial of a motion to remand for abuse of discretion. *Li Yong Cao v. U.S. Dep't of Justice*,

2

421 F.3d 149, 157 (2d Cir. 2005).  The BIA did not abuse its discretion in denying Singh's motion to remand, based on his approved I-130 visa petition, because the IJ lacks jurisdiction to adjudicate his application for adjustment of status.  *See Brito v. Mukasey*, 521 F.3d 160, 166-68 (2d Cir. 2008).

Singh relies on this Court's decision in *Sheng Gao Ni v. BIA*, 520 F.3d 125, 130-31 (2d Cir. 2008), to argue that when an applicant files a timely motion to reopen proceedings to seek adjustment of status, it is appropriate to presume that he seeks "to press [his] adjustment application[] before the United States Citizenship and Immigration Services" ("USCIS") rather than the IJ, such that the BIA abuses its discretion in denying such a motion to reopen on jurisdictional grounds.  However, whereas the *Sheng Gao Ni* petitioners specifically argued to the BIA that they intended to pursue their adjustment application before the USCIS, Singh explicitly moved for reopening so that the IJ could conduct a new hearing.  *See id.* at 130.  As Singh conceded, the IJ could not have taken any action to adjudicate his adjustment of status application.  *See Brito*, 521 F.3d at 166.  Furthermore, because the BIA's decision responded to the relief Singh sought—to reopen his proceedings for a new hearing before the IJ-the BIA did not

3

abuse its discretion in denying Singh's motion on jurisdictional grounds.  *See Ni*, 520 F.3d at 130-31; *see also Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (explaining that an abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary and capricious manner" (internal citations omitted)).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4