**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2841
_____

MEI HUA ZHENG,
                              Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent


_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A076-209-559)
Immigration Judge:  Honorable Charles M. Honeyman

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
February 22, 2012
Before:   FISHER, WEIS and BARRY, Circuit Judges

(Opinion filed: February 23, 2012 )
_____

OPINION
_____

PER CURIAM.

Mei Hua Zheng petitions for review of a Board of Immigration Appeals ("BIA")

decision denying her motion to reopen her immigration proceedings.  We will deny the

petition.

1

Zheng is a native and citizen of the People's Republic of China who entered the United States in 2007 without valid travel documents and was placed in removal proceedings. Zheng conceded removability pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I), and applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT") on the basis of religious persecution. An immigration judge denied relief, and the BIA affirmed that decision in September 2009. This Court denied her petition for review in February 2011 (docketed at C.A. No. 09-4076).

A couple of months after the petition was denied, and about a year and a half after the BIA affirmed the order of removal, Zheng and the Department of Homeland Security ("DHS") filed a joint motion to reopen the proceedings. The motion stated only that Zheng was eligible to adjust her status due to her marriage to a United States citizen and sought reopening "for purposes of the alien's adjustment of status." The BIA denied the joint motion in June 2011, stating that Zheng's application for adjustment of status fell under the exclusive jurisdiction of the United States Citizenship and Immigration Services ("USCIS"), who "can adjudicate her application without any need to reopen these removal proceedings." The BIA also noted that Zheng had apparently been released under an order of supervision and concluded that "particularly considering the statements in the joint motion, there is no indication that the DHS would seek to remove [her] while USCIS adjudicates her adjustment application." Id. If DHS did seek to remove her while her application was pending, the BIA pointed out that Zheng could

2

request an administrative stay of removal from DHS pursuant to 8 C.F.R. §§ 241.6(a) and 1241.6(a). Id. In conclusion, the BIA stated that the parties had not shown a "need" to reopen the proceedings given the "costs" involved. Id. But the Board also advised the parties that if the "circumstances noted above are not correct," they could refile the motion to reopen with the BIA. Id. Zheng then petitioned this Court for review of the BIA's decision.

We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Id. (citation omitted).

Zheng contends that the BIA abused its discretion by denying the motion to reopen on jurisdictional grounds. Although she acknowledges that the USCIS has exclusive jurisdiction over her adjustment application,[1] she argues that the BIA "failed to recognize the 'need' to reopen removal proceedings so that [she] could pursue her adjustment application *without* remaining subject to a final order of removal." Pet. Br. at 9 (emphasis in original). She relies primarily on a decision from the United States Court of Appeals for the Second Circuit, Ni v. Bd. of Immigration Appeals, 520 F.3d 125 (2d

---

[1] Aliens admitted or paroled into the United States may have their status adjusted to that of lawful permanent resident if they meet certain requirements. 8 U.S.C. § 1255(a). Except in limited circumstances (which are not applicable in this case), immigration judges do not have jurisdiction to adjudicate adjustment applications filed by "arriving aliens" such as Zheng. 8 C.F.R. § 1245.2(a)(1)(ii). Instead, jurisdiction lies with the USCIS. 8 C.F.R. § 245.2(a)(1).

Cir. 2008), for this proposition. In Ni, the court considered three consolidated petitions from arriving aliens under removal orders whose motions to reopen for purposes of seeking adjustment of status from the USCIS had been denied by the BIA on jurisdictional grounds. The court held that the BIA's "rote recital" of its lack of jurisdiction, even though correct, did not provide a rational explanation for its rulings. Id. at 129-30. In particular, the court faulted the BIA for failing to consider that the petitioners sought reopening so that they could proceed with adjustment of status applications without remaining subject to final orders of removal. Id. at 130. The BIA's reason for denying the motions to reopen – lack of jurisdiction over the adjustment applications – was therefore not responsive to the relief sought. Id.

In the present case, however, the BIA did not rely solely upon its lack of jurisdiction over Zheng's adjustment application to deny the motion to reopen. Rather, the BIA specifically observed that there was "no indication that the DHS would seek to remove [Zheng] while USCIS adjudicates her adjustment application." The BIA also noted that Zheng could apply for an administrative stay if the DHS did seek her removal. The BIA thus addressed Zheng's request to pursue an adjustment application without remaining subject to a final order of removal, but concluded that she had not shown a need to reopen the removal proceedings under the circumstances perceived by the Board. Therefore, Zheng's assertion that the BIA did not consider the purpose of her motion is incorrect, and the Ni decision is of no aid to her. Furthermore, we note that the BIA explicitly advised the parties that if the circumstances set forth in the order were not

4

correct, they could refile the motion to reopen "with further explanation." Nowhere in the record or filings before us has Zheng alleged that the BIA was wrong about her circumstances, e.g., she has not alleged that the DHS seeks to remove her while her adjustment application is pending. The BIA considered both the facts relevant to the motion and the particular relief sought. Zheng's challenge to the BIA's order is based solely on an erroneous view of that order. Consequently, it cannot be said that the BIA abused its discretion by denying the motion to reopen.

For these reasons, we will deny the petition for review.