**JIN ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 07–5737–ag.**

United States Court of Appeals, Second Circuit.

Dec. 11, 2008.

---

**48**

Scott E. Bratton, Cleveland, OH, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, Craig A. Newell, Jr., Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Zheng, a native and citizen of the People's Republic of China, seeks review of the November 28, 2007 order of the BIA: (1) affirming the February 1, 2006 decision of Immigration Judge ("IJ") Vivienne Gordon–Uruakpa, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and (2) denying her motion to remand (or terminate removal proceedings). *In re Jin Zheng*, No. A79 641 638 (BIA Nov. 28, 2007), *aff'g* No. A79 641 638 (Immig. Ct. N.Y. City Feb. 1, 2006). We assume the parties' familiarity

with the underlying facts and procedural history of the case.

### I. AFFIRMANCE OF THE IJ'S DECISION

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007).

As an initial matter, because Zheng failed sufficiently to challenge the agency's denial of her CAT claim in either her brief to the BIA or her brief to this Court, we deem that claim abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007). Moreover, because she fails sufficiently to challenge the agency's denial of her withholding of removal claim in her brief to this Court, we deem that claim waived.[1] *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

With respect to Zheng's challenge to the denial of her application for asylum, we find no error in the agency's conclusion that her claim lacked a nexus to a protected ground. While she experienced misfortune in China, the agency did not err in concluding that there is no record evidence that her inability to remain in high school or to find suitable employment was "on

---

1. Zheng did not raise any claims based on her illegal departure from China, or her possible future violation of China's family planning policy, in either her brief to the BIA or her brief to this Court. Therefore, we also deem those claims abandoned. *See Gui Yin Liu*, 508 F.3d at 723 n. 6.

account of" her political opinion or particular social group. *See* 8 U.S.C. § 1101(a)(42). Accordingly, there is no reason to disturb the agency's denial of asylum.

## II. MOTION TO REMAND

We review the BIA's denial of a motion to reopen (or remand) for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006).

The BIA denied Zheng's motion to remand (or to terminate her removal proceedings) to pursue an application for adjustment of status because: (1) "[she was] an arriving alien and she ha[d] not established her eligibility to adjust status in these removal proceedings" (citing 8 C.F.R. § 1245.2(a)(ii) (providing that "the [IJ] does not have jurisdiction to adjudicate any application for adjustment of status filed by [an] arriving alien unless" four specific conditions are met)); and (2) she failed to offer proof of her husband's naturalization or the birth of her U.S. citizen child, and therefore had not offered sufficient "evidence with her appeal to support a remand based on her marriage and her status as an arriving alien."

We find that remand is warranted here because the BIA committed the same error we identified in *Sheng Gao Ni v. BIA*, i.e., relying on a "rote recital of a jurisdictional statement" while failing "to consider the facts of record relevant to the motion." 520 F.3d 125, 129–30 (2d Cir.2008) (internal quotation marks omitted) (emphasis added). We acknowledge that the BIA did not deny Zheng's motion solely on jurisdictional grounds. However, we find that the BIA failed adequately to explain the significance of the absence of evidence of her husband's naturalization and the birth of her U.S. citizen child, where those facts, standing alone, had no apparent relevance to the relief sought. As in *Sheng Gao Ni*, Zheng's motion was based on a change in the law rendering her eligible to file an adjustment application with U.S. Citizenship and Immigration Services ("USCIS"), and she did not suggest that she intended to seek such relief before the IJ. Accordingly, the BIA should have considered "whether [her] newfound ability to file [an] adjustment application[ ] with the USCIS warranted a favorable exercise of its discretion to reopen and continue [her] proceedings and thereby lift the removal order[ ]." 520 F.3d at 130.

The record before the BIA demonstrated that Zheng was the beneficiary of a pending immigrant visa petition filed by her lawful permanent resident husband (who himself had a pending application for naturalization).[2] As we noted in *Sheng Gao Ni*, the BIA has a "long-standing and express. policy that, as a general matter, an alien is entitled to a continuance of removal proceedings against [her] while a 'prima facie approvable' I–130 immigrant visa petition is pending in front of the [USCIS] District Director." 520 F.3d at 131 n. 4 (internal quotation marks omitted); *see also Eligibility of Arriving Aliens in Removal Proceedings to Apply for Adjustment of Status and Jurisdiction to Adjudicate Applications for Adjustment of Status*, 71 Fed.Reg. 27,585, 27,589–90

---

**2.** We reject the government's argument that the status of Zheng's husband (i.e., permanent resident or U.S. citizen) was relevant to the BIA's inquiry. First of all, the BIA did not make any explicit findings in this regard. Moreover, contrary to the government's suggestion, *Matter of Velarde–Pacheco* did not recognize such a distinction. *See* 23 I. & N.

Dec. 253, 254 (BIA 2002) (en banc) ("The issue before us is whether we should modify our policy … to deny a motion to reopen to apply for adjustment of status that is based on *an unadjudicated visa petition* filed by a United States citizen *or lawful permanent resident* on behalf of his or her spouse[.]" (emphasis added)).

(May 12, 2006) (providing that "it will ordinarily be appropriate for an [IJ] to exercise his or her discretion favorably to grant a continuance or motion to reopen in the case of an alien who has submitted a prima facie approvable visa petition and adjustment application in the course of a [removal] hearing"). The BIA did not make any findings regarding Zheng's *prima facie* eligibility for an immigrant visa or adjustment of status (which might have included findings that she failed to show that her marriage was *bona fide* ), and it did not fault her for failing to include proof that she had filed an adjustment application pursuant to the new regulations. While these may have been valid reasons to deny Zheng's motion, we may not base our decision on them when the BIA did not do so. *See Song Jin Wu v. INS*, 436 F.3d 157, 164 (2d Cir.2006).

The BIA failed to explain why the pendency of the immigrant visa petition, when viewed in light of Zheng's newfound eligibility to seek adjustment of status before USCIS while in removal proceedings, did not entitle her to the relief sought in her motion. We conclude that this was an abuse of discretion, and therefore grant Zheng's petition for review as to her motion to remand.

### III. CONCLUSION

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part. To the extent that we grant the petition for review, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.