08-5041-ag
Zhen v. Holder

BIA
A072 460 484

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand nine.

PRESENT:

      HON. DENNIS JACOBS,
               *Chief Judge,*
      HON. ROGER J. MINER,
      HON. REENA RAGGI,
               *Circuit Judges*.

_____

CHO-PING ZHEN,
     *Petitioner*,

     v.                        08-5041-ag
                                 NAC

ERIC H. HOLDER, JR., ATTORNEY GENERAL,[*]
     *Respondent*.

_____

[*]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:** Theodore N. Cox, New York, New York.

**FOR RESPONDENTS:** Tony West, Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Brendan P. Hogan, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Cho-Ping Zhen, a native and citizen of the People's Republic of China, seeks review of a September 23, 2008 order of the BIA denying his motion to reopen. *In re Cho-Ping Zhen*, No. A072 460 484 (B.I.A. Sept. 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Reviewing for abuse of discretion, *see Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam), we conclude that the BIA did not abuse its discretion in denying Zhen's motion to reopen. With certain exceptions not applicable here, *see* 8 C.F.R. § 1003.2(c)(3), federal regulations permit an individual to file only one motion to reopen, and require that the motion be filed within ninety days of a final agency

2

order, *see* 8 C.F.R. § 1003.2(c)(2). Zhen's second motion to reopen, filed more than six years after the BIA's final order of exclusion, is both number-barred and untimely.

Zhen argues that the BIA should have reopened his proceedings pursuant to an interim rule adopted by the Attorney General allowing "arriving aliens" placed in removal proceedings to apply for adjustment of status with the United States Citizenship and Immigration Services ("USCIS"). *See* 71 Fed. Reg. 27,585, at 27,588 (May 12, 2006). Citing *Sheng Gao Ni v. BIA*, 520 F.3d 125 (2d Cir. 2008), Zhen asserts that the BIA's denial of his motion to reopen exposes him to the enforcement of his deportation order and thus renders the interim rule worthless.

Zhen's reliance on *Sheng Gao Ni* is misplaced, as that case involved petitioners seeking review of the BIA's denial of timely motions to reopen. Petitioners in such circumstances are not required to meet any exception to the time and numerical limitations on motions to reopen. In contrast, as noted above, Zhen's motion was both untimely and number-barred. Thus, we find no abuse of discretion in the BIA's denial of his motion. *See* 8 C.F.R. § 1003.2(c)(2).

We lack jurisdiction to review the BIA's decision not to

reopen Zhen's proceedings *sua sponte* under 8 C.F.R. § 1003.2(a). Such a decision is "entirely discretionary." *Azmond Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____