09-0329-ag
Freire v. Holder

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2010

(Argued: May 4, 2011          Decided: May 27, 2011)

Docket No. 09-0329-ag

_____

ALTAIR CLAUDIO FREIRE,

*Petitioner*,

–v.–

ERIC H. HOLDER, JR., Attorney General of the United States,

*Respondent*.[*]

_____

Before:
          MINER, WALKER, and WESLEY, *Circuit Judges*.

    Petition for review of a Board of Immigration Appeals decision, which dismissed an appeal from an immigration judge's removal order and denied Petitioner's motion for remand.

    PETITION GRANTED.

_____

          JUSTIN CONLON, Law Offices of Justin Conlon, North Haven, CT, *for Petitioner*.

_____

[*] The Clerk of the Court is directed to amend the official caption in this action to conform with that of this opinion.

LINDSEY CORLISS, Attorney, Office of Immigration Litigation, Civil Division, (Tony West, Assistant Attorney General, Ada E. Bosque, Senior Litigation Counsel, Mona Maria Yousif, Trial Attorney, *on the brief*), *for Respondent Eric H. Holder, Jr., United States Attorney General, Washington, D.C.*

PER CURIAM:

Petitioner Altair Claudio Freire, a native and citizen of Brazil, seeks review of a January 9, 2009 order of the Board of Immigration Appeals ("BIA"), which (1) dismissed Freire's appeal of an April 18, 2006 decision of Immigration Judge ("IJ") Michael W. Straus ordering Freire's removal to Brazil, and (2) denied Freire's motion for remand or continuance. *In re Altair Claudio Freire*, No. A076 533 611 (B.I.A. Jan. 9, 2009), *aff'g* No. A076 533 611 (Immig. Ct. Hartford, Conn. Apr. 18, 2006). For the following reasons, we grant the petition for review. The decision of the BIA is vacated, and the case is remanded to the BIA for further proceedings consistent with this opinion.

## I. BACKGROUND

Altair Claudio Freire, a native and citizen of Brazil, was paroled into the United States in 1999 as a material witness in a criminal case. In 2002, Freire's employer

petitioned the United States Citizenship and Immigration Services ("USCIS") for an employment visa on Freire's behalf. USCIS approved that petition in 2003. Freire then filed, but subsequently withdrew, an application for adjustment of status.

In 2005, after Freire's parole status had expired, Freire was served with a Notice to Appear charging him with removability as an arriving alien who was not in possession of a valid entry document at the time of his application for admission. Freire denied his removability and asked the IJ to terminate the proceedings without prejudice so that he could re-file his adjustment application with USCIS. Freire also asked the IJ for a continuance because, in a separate case, this Court was considering the issue of whether arriving aliens were permitted to adjust their status while in removal proceedings.

In an oral decision, the IJ denied Freire a continuance. The IJ found that under former 8 C.F.R. § 1245.1(a), Freire was not eligible to adjust his status because he was an arriving alien and that "there [was] no basis to continue the matter pending a possible Second Circuit decision." The IJ found Freire inadmissible and ordered his removal to Brazil.

3

Freire appealed to the BIA. He noted that in May 2006 the United States Attorney General had enacted new regulations allowing USCIS to adjudicate the adjustment applications of arriving aliens. Additionally, Freire submitted evidence that he had filed an adjustment application with USCIS. Thus, he asked the BIA either to "administratively close or terminate his proceedings while the adjustment application is pending with [USCIS]" or, alternatively, "suspend making a decision in his case — or remand his case to the IJ with instructions to continue his case — until a decision from [USCIS] is made on the adjustment application." In 2007, the BIA dismissed the appeal and denied the motion to remand, finding that "[n]either the Board nor the Immigration Judge has jurisdiction over whether [Freire] may adjust his status in this country." Further, the BIA determined that it could not delay the removal proceedings pending USCIS's determination.

Freire petitioned this Court for review of the agency's denial of his request for a continuance. Freire and the government entered into a Court-approved joint stipulation to remand the proceedings to the agency to allow the BIA to reconsider Freire's appeal and motion in light of this

4

Court's decision in *Ni v. BIA*, 520 F.3d 125 (2d Cir. 2008). In *Ni*, we held that an IJ's lack of jurisdiction to adjudicate an arriving alien's adjustment application did not, by itself, provide an adequate reason for the BIA to deny an arriving alien's motion to reopen while the petitioner pursued adjustment of status with USCIS. *Id*. at 129–30. Additionally, we noted the BIA's "established policy of granting motions to reopen in order to permit the adjudication of status-adjustment applications." *Id.* at 131 n.4 (citing *Matter of Garcia,* 16 I. & N. Dec. 653, 657 (B.I.A. 1978)). We instructed that if the BIA decided on remand to deny the motions to reopen, it "should explain how doing so comports with BIA policy in this area." *Id.*

On remand, the BIA again dismissed Freire's appeal and denied his request for a remand or continuance. The BIA stated the following:

> We acknowledge that the denial of a motion to reopen or a request for a continuance to await adjudication of an application before the USCIS or some other agency may result in a loss of relief. However, we cannot find it within our authority to grant relief based on an application over which we ultimately have no jurisdiction. To do so would leave us open to the whims and time lines of other agencies which might or might not communicate the outcome of a particular application to us.

5

Further, in discussing its departure from *Matter of Garcia*, the BIA stated that unlike in cases such as *Matter of Garcia*, here the BIA had "neither the authority to assess *prima facie* eligibility nor the authority to review the denial [of Freire's adjustment of status application] on appeal." Accordingly, the BIA did not "find it judicious to grant a continuance or reopening to await a decision over which [it has] no control." Freire timely petitioned this Court for review of the BIA's decision.

## II. DISCUSSION

We review only the decision the BIA issued following remand from this Court. *See Xia Fan Huang v. Holder*, 591 F.3d 124, 127 (2d Cir. 2010) (per curiam). We review the BIA's denial of a continuance for abuse of discretion. *See Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006) (per curiam). The BIA abuses its discretion if its "decision rests on an error of law" or a "clearly erroneous factual finding" or if its decision "cannot be located within the range of permissible decisions." *Rajah v. Mukasey*, 544 F.3d 449, 453 (2d Cir. 2008).

Freire argues that the BIA abused its discretion in denying his request for a continuance — his motion to remand or temporarily terminate removal proceedings — while he

6

sought adjustment of status before the USCIS.  We agree.[1]

To the extent that the BIA denied Freire's request for a continuance on the basis that it lacked the authority to grant the continuance, the denial constitutes legal error. Immigration judges have broad discretionary authority to "grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29 (2011).  The BIA correctly stated that IJs and the BIA do not have jurisdiction to adjudicate most arriving aliens' applications for adjustment of status.  *See id.* § 1245.2(a)(1)(ii).  However, that does not prevent IJs or the BIA from adjudicating motions for continuance in removal proceedings over which they already have jurisdiction.  *Cf. Matter of Hashmi*, 24 I. & N. Dec. 785, 790–91 (B.I.A. 2009) (setting forth standards for determining a motion for continuance where a visa petition is pending before USCIS, while recognizing that "Immigration Judges do not have jurisdiction to decide visa petitions").

Contrary to the government's argument, the BIA's conclusion in *Matter of Yauri*, 25 I. & N. Dec. 103, 108-10

---

[1] We need not, and do not, address Freire's alternative argument that the Attorney General's regulations preventing IJs from adjudicating arriving aliens' applications for adjustment of status are invalid.  *See* Eligibility of Arriving Aliens in Removal Proceedings to Apply for Adjustment of Status and Jurisdiction to Adjudicate Applications for Adjustment of Status, 71 Fed. Reg. 27,585 (May 12, 2006).

(B.I.A. 2009), that it did not have jurisdiction to grant a *motion to reopen* based on an arriving alien's application for adjustment of status pending with USCIS is inapposite to this case.  There, the BIA concluded that it lacked the authority "to reopen proceedings to effectively grant . . . a 'stay' of a final order while the alien pursues an independent adjustment of status application with the USCIS."  *Id*. at 109.  The same reasoning does not apply here, however, where Freire sought a continuance of his ongoing removal proceedings rather than a reopening of an administratively final order of removal.  Indeed, the BIA stated in *Yauri* that "[t]here can be sound reasons to continue or administratively close proceedings while matters outside the Immigration Judge's jurisdiction are resolved."  *Id*. at 111 n.8.

Additionally, to the extent that the BIA relied on its lack of jurisdiction to adjudicate the underlying adjustment of status application as its sole ground for denying Freire a continuance, the BIA repeated the error identified in *Ni*.  In *Ni,* the BIA denied several motions to reopen removal proceedings on the sole basis that it lacked jurisdiction over the underlying applications for adjustment of status.  520 F.3d at 129.  In finding that these decisions

8

constituted an abuse of the BIA's discretion, we held that "rote recital of a jurisdictional statement — even if technically accurate — does not adequately discharge the BIA's duty to consider the facts of record relevant to the motion and provide a rational explanation for its ruling." *Id*. at 129–130 (internal quotation marks omitted).

Here, the BIA stated that to grant a continuance of removal proceedings based upon an adjustment of status petition pending before another agency would subject the BIA to "the whims and time lines of other agencies which might or might not communicate the outcome of a particular application" to the BIA. Furthermore, the BIA stated that it did not find it "judicious to grant a continuance or reopening to await a decision over which [it has] no control." Though they contain some elaboration, the BIA's statements still fail to satisfy *Ni*. The BIA simply explained why it found the grant of a continuance in these types of situations imprudent as a general practice. It did not evaluate the merits of granting or denying Freire a continuance of his removal proceedings based on the specific facts of this record. *Cf. Clifton v. Holder*, 598 F.3d 486, 494 (8th Cir. 2010) (explaining that in addressing a continuance motion, the BIA was required to consider "how

the [] evidence [that the petitioner submitted, showing her application for adjustment of status pending before USCIS] might affect the IJ's decision to continue the case").

Several months after it dismissed Freire's appeal, the BIA in a separate matter enunciated a clear standard to guide its exercise of discretion when aliens in removal proceedings request a continuance to apply for adjustment of status. *See Hashmi*, 24 I. & N. Dec. at 790-91; *see also Matter of Rajah*, 25 I. & N. Dec. 127, 130 (B.I.A. 2009) (applying *Hashmi* factors to alien seeking employment-based adjustment of status). Although, unlike in *Hashmi*, Freire's adjustment of status application is to be decided by another agency, we see no reason why the BIA should not consider the *Hashmi* factors in deciding Freire's motion for continuance. Indeed, the very purpose for the continuance requested in *Hashmi* was to allow USCIS to adjudicate a visa petition that the "Immigration Judge[ did] not have jurisdiction to decide." *Hashmi*, 24 I. & N. Dec. at 791. Thus, on remand, the BIA should either follow the *Hashmi* factors in determining whether to grant Freire's motion for continuance or explain why application of those factors is inappropriate

10

in the present case.[2]

Because the BIA failed to "provide a rational explanation for its ruling" that is tied to the record, the BIA abused its discretion in denying Freire's motion for remand or continuance. *Ni,* 520 F.3d at 129-30 (internal quotation marks omitted). To be clear, as in *Ni*, we do not address whether Freire's motion for continuance should be granted; we leave that decision for the BIA to address in the first instance. *Id.* at 131.[3] If the BIA decides on remand to deny Freire's motion, "it must provide adequate reasons for doing so, thereby furnishing this Court with a meaningful opportunity to review any such denial." *Id.*

---

[2] Moreover, the decision to deny Freire a continuance did not satisfactorily explain its deviation from the BIA's decision in *Matter of Garcia*, 16 I. & N. Dec. 653, 657 (B.I.A. 1978), *modified on other grounds by Matter of Arthur*, 20 I. & N. Dec. 475 (B.I.A. 1992), announcing the general rule that a continuance should be granted where an alien establishes his prima facie eligibility for adjustment of status. *See Ni*, 520 F.3d at 131 n.4 (noting that the BIA needs to explain any departure from *Matter of Garcia*). The BIA explained that *Matter of Garcia* did not apply to aliens with applications for adjustment of status pending before other agencies because IJs and the BIA do not have the authority to assess such aliens' prima facie eligibility for adjustment. But the BIA gave no explanation as to why it was without authority to *consider* Freire's prima facie eligibility to adjust status for the purpose of determining whether to grant a continuance.

[3] The government cites *Scheerer v. U.S. Attorney General*, in which the Eleventh Circuit found no abuse of discretion where the BIA denied a request for a continuance based only on the fact that it did not have jurisdiction to adjudicate the alien's adjustment application pending with USCIS. 513 F.3d 1244, 1254–55 (11th Cir. 2008). We do not follow *Scheerer* to the extent that it is contrary to *Ni*'s holding that recitation of the BIA's lack of jurisdiction to adjudicate the underlying application, without more, constitutes an abuse of discretion.

## III. CONCLUSION

For the foregoing reasons, the petition for review is GRANTED.  The January 9, 2009 decision of the BIA is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this opinion.