10-1822-ag
Polanco v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of September, two thousand eleven.

PRESENT: DENNIS JACOBS,
                 <u>Chief Judge</u>,
     ROGER J. MINER,
     ROBERT A. KATZMANN,
                 <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
VIRGILIO POLANCO,
     <u>Petitioner</u>,

     -v.-                              10-1822-ag

ERIC H. HOLDER, Jr.,
     <u>Respondent</u>.
- - - - - - - - - - - - - - - - - - - -X

**FOR PETITIONER:** Albania C. Almanzar, Albania C. Almanzar, P.C., New York, New York.

**FOR RESPONDENT:** John J. Inkeles, Trial Attorney (Francis W. Fraser, Senior Litigation Counsel, Carl H. McIntyre, Jr., Assistant Director, <u>on the brief</u>), <u>for</u> Tony West, Assistant Attorney General, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review of a Board of Immigration Appeals decision is **GRANTED** and the case is **REMANDED** to the Board of Immigration Appeals.

Petitioner Virgilio Polanco ("Polanco") seeks review of an April 13, 2010 order of the Board of Immigration Appeals ("BIA") dismissing Polanco's appeal from an April 24, 2009 decision of Immigration Judge ("IJ") Alan Vomacka: (1) denying Polanco's application for waiver of removability under § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182; (2) denying Polanco's motion for a continuance to give Polanco more time to seek an adjustment of status; and (3) ordering Polanco removed to the Dominican Republic.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1).  However, we lack "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section [1227(a)(2)(A)(iii) (aggravated felony) or section 1227(a)(2)(C) (unlawful possession of a firearm)]."  8 U.S.C. § 1252(a)(2)(C).  Notwithstanding this jurisdictional bar, we would have jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).

Polanco raises no argument with respect to the determination that he is removable as an aggravated felon and as a felon convicted of a firearm offense.  Any such challenge is deemed abandoned. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n.1 (2d Cir. 2005); see also Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

The only issue briefed by Polanco in this Court is whether the IJ abused his discretion in denying Polanco's

2

motion for a continuance. See Sanusi v. Gonzales, 445 F.3d 193, 199 (2d Cir. 2006) (holding "that 8 U.S.C. § 1252(a)(2)(B)(ii) does not deprive [this Court] of jurisdiction to review decisions by IJs to grant or to deny continuances" and that we review an IJ's grant or denial of a continuance for abuse of discretion). An IJ abuses his discretion in denying a continuance if "(1) [his] decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) [his] decision--though not necessarily the product of a legal error or a clearly erroneous factual finding--cannot be located within the range of permissible decisions." Zervos v. Verizon New York, Inc., 252 F.3d 163, 169 (2d Cir. 2001) (footnote omitted). Therefore, the only way for Polanco to avoid the jurisdictional bar of § 1252(a)(2)(C) is if the IJ's decision rested on a legal error.

Although the IJ acknowledged that he may have had the authority to delay Polanco's removal proceeding for a brief period in order for Polanco's wife to obtain citizenship and to file an I-130 visa petition on Polanco's behalf, **A 56**, he was unaware of any "rule from the [BIA] and also recognized and generally accepted by the higher courts" that would permit him to delay the proceeding for more than a year to give Polanco's wife more time to obtain citizenship. **A 56**. In Drax v. Reno, this Court acknowledged that an immigration judge "has broad discretion to adjourn proceedings in order to enable an alien to file the necessary paperwork to seek various kinds of relief," and indeed observed that a "willing" IJ could grant a fifteen-month continuance. 338 F.3d 98, 117 & n.25 (2d Cir. 2003); see also Freire v. Holder, 647 F.3d 67, 70 (2d Cir. 2011) (holding that "Immigration Judges have broad discretionary authority to grant a motion for continuance for good cause shown" (internal quotation marks omitted)).

In view of our observation in Drax, we remand to the BIA for it to determine whether the IJ had discretion, in the circumstances of this case, to grant a continuance. See Matter of Hashmi, 24 I. & N. Dec. 785, 790-91 (B.I.A. 2009) (articulating standards for determining a motion for continuance). If so, the BIA will remand for the IJ to decide if he would have exercised such discretion.

3

For the foregoing reasons, the petition for review is **GRANTED** and the case is **REMANDED** to the BIA.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK