10-963-ag (L)
Kaur v. Holder

BIA
Videla, IJ
A077 998 037

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of March, two thousand twelve.

PRESENT:
        DENNIS JACOBS,
            *Chief Judge,*
        ROBERT D. SACK,
        REENA RAGGI,
            *Circuit Judges.*
_____

GURSHARN KAUR,
        *Petitioner,*

        v.                                   10-963-ag (L);
                                             10-4036-ag (Con)
                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:     Gursharn Kaur, *pro se*, Syosset, NY.

FOR RESPONDENT:     Tony West, Assistant Attorney
                    General; David V. Bernal, Assistant
                    Director; Lauren E. Fascett, Trial
                    Attorney, Office of Immigration
                    Litigation, United States Department
                    of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Gursharn Kaur, a native and citizen of India, seeks review of a February 25, 2010, order of the BIA affirming the March 20, 2008, decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and review of a September 20, 2010, decision of the BIA denying her motion to reopen. *In re Kaur*, No. A077 998 037 (B.I.A. Feb. 25, 2010), *aff'g* No. A077 998 037 (Immig. Ct. N.Y. City Mar. 20, 2008); *In re Kaur*, No. A077 998 037 (B.I.A. Sept. 20, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**I. Adverse Credibility Determination**

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007).

The agency's adverse credibility finding was based on an accumulation of factors, including the inconsistencies [i] between Kaur's testimony and her asylum application as to what occurred on the occasions she allegedly interacted with Indian police, and [ii] among her airport interview, asylum application, and testimony as to whether the Indian government had caused the disappearance of her siblings due to their support of the Khalistan movement, or indeed as to whether or not she had any siblings.  The cumulative effect of these numerous inconsistencies is substantial when measured against the record as a whole.  *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).

Given the inconsistencies and lack of corroboration, the agency's adverse credibility finding is supported by substantial evidence.  *See Secaida-Rosales v. INS*, 331 F.3d 297, 308-09 (2d Cir. 2003).  As the only bases for relief depended upon Kaur's credibility, the adverse credibility determination in this case necessarily precludes asylum, withholding of removal, or CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

## II.  Motion to Reopen

The BIA did not abuse its discretion by denying Kaur's timely motion to reopen.  *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).  Kaur moved the BIA to reopen her proceedings on the ground that her application for adjustment of status was pending before United States Citizenship and Immigration Services ("USCIS").  As Kaur acknowledged, because she is an arriving alien, USCIS has the sole authority to adjudicate her adjustment application.  *See Sheng Gao Ni v. BIA*, 520 F.3d 125, 129 (2d Cir. 2008).  Although an outstanding removal order does not bar adjustment for an arriving alien, *see Matter of Yauri*, 25 I. & N. Dec. 103, 107 (B.I.A. 2009), execution of that order does bar adjustment, *see* 8 C.F.R. § 245.2(a)(4)(ii)(A); *Sheng Gao Ni*, 520 F.3d at 131.  Accordingly, as Kaur has acknowledged, a motion to reopen with the BIA in this situation is simply a means of requesting a stay of removal.  *See Yauri*, 25 I. & N. Dec. at 108-09.

Consequently, the BIA reasonably construed Kaur's motion as one to stay the execution of her removal order, and then gave a rational explanation as to why it declined to grant the request, that: (1) the only relief it could

4

provide to Kaur would be a stay of removal; (2) Kaur had not demonstrated or asserted that the Department of Homeland Security ("DHS") was seeking to effectuate her removal while her application was pending; and (3) if DHS should seek to effectuate her removal, she could address a request for a stay of removal to DHS. Because the BIA provided this explanation, which was responsive to the relief Kaur sought, it did not abuse its discretion by denying Kaur's motion to reopen.[*] *Cf. Sheng Gao Ni*, 520 F.3d at 129-30.

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[*]Kaur asserts that the BIA's denial of her motion to reopen was contrary to this Court's decision in *Freire v. Holder*, 647 F.3d 67 (2d Cir. 2011). However, the petitioner in *Freire* was seeking continuance of an ongoing proceeding, not reopening after a final order of removal had been entered. 647 F.3d at 70.