Diarra Gakou v. Barr

BIA
Montante, IJ
A208 910 349

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29ᵗʰ day of April, two thousand twenty.

PRESENT:
> Guido Calabresi,
> Richard C. Wesley,
> Joseph F. Bianco,
> > *Circuit Judges.*

_____

MOHAMED DIARRA GAKOU, AKA MOHAMED DIARRA, AKA BAYAGI BATCHILLY, AKA MOHAMMED DIARRA, AKA CHERNO GAYE, AKA MOHAMAD DIARRA, AKA MUHAMMED DIARRA,
> *Petitioner,*

v.                                                           19-1410

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:         ROBERT F. GRAZIANO, ESQ., Buffalo, NY.

FOR RESPONDENT:         NELLE M. SEYMOUR, Trial Attorney (Jessica E. Burns, Senior Litigation Counsel, *on the brief*) *for* Joseph H. Hunt, Assistant Attorney General, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Mohamed Diarra Gakou, a native and citizen of the Ivory Coast, seeks review of an April 19, 2019 decision of the BIA affirming a September 17, 2018 decision of an Immigration Judge ("IJ") denying his motion to continue proceedings. *In re Diarra Gakou*, No. A 208 910 349 (B.I.A. Apr. 19, 2019), *aff'g* No. A 208 910 349 (Immig. Ct. Buffalo Sept. 17, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We generally "review the agency's denial of a continuance for abuse of discretion," *Flores v. Holder*, 779 F.3d 159, 164 (2d Cir. 2015), recognizing that "IJs are accorded wide latitude in calendar management," *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). Because Diarra Gakou was ordered removed on account of a firearm offense, however, our jurisdiction is limited to constitutional claims and questions of law, which we review *de novo*. 8 U.S.C. §§ 1227(a)(2)(C), 1252(a)(2)(C), (D); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). Diarra Gakou's argument that the agency abused its discretion by assessing his motion for a continuance

2

under the wrong legal standard raises a question of law over which we retain jurisdiction.  *See Flores*, 779 F.3d at 163 n.1.

An IJ has discretionary authority to grant a motion for a continuance "for good cause shown."  8 C.F.R. § 1003.29.  "The good-cause standard . . . requires consideration and balancing of all relevant factors in assessing a motion for continuance to accommodate a collateral matter."  *In re L-A-B-R-*, 27 I. & N. Dec. 405, 413 (A.G. 2018).  The BIA has provided the following non-exhaustive list of factors relevant to the determination of a motion for a continuance based on the movant's intention to apply for adjustment of status:

> (1) the [Government's] response to the motion; (2) whether the underlying visa petition is prima facie approvable; (3) the [movant's] statutory eligibility for adjustment of status; (4) whether the [movant's] application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors.

*In re Hashmi*, 24 I. & N. Dec. 785, 790 (B.I.A. 2009).  The agency must consider the *Hashmi* factors in deciding a motion for a continuance.  *Freire v. Holder*, 647 F.3d 67, 71 (2d Cir. 2011).

The BIA has emphasized that "the focus of the inquiry" should be on "the likelihood of success on the adjustment application." *In re Rajah*, 25 I. & N. Dec. 127, 136 (B.I.A. 2009); *L-A-B-R-*, 27 I. & N. Dec. at 413 ("An immigration judge considering a motion for continuance to await the resolution of a collateral matter must focus principally on two factors: (1) the likelihood that the

3

alien will receive the collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings."); *Hashmi*, 24 I. & N. Dec. at 790 ("[D]iscretion should be favorably exercised where a prima facie approvable visa petition and adjustment application have been submitted in the course of an ongoing removal hearing."). This Court's precedent is in accord. *See Pedreros v. Keisler*, 503 F.3d 162, 165 (2d Cir. 2007) ("[A]s a general matter, an alien is entitled to a continuance of removal proceedings against him while a 'prima facie approvable' I-130 immigrant visa petition is pending . . . ."). The BIA has also held, however, that these "primary" considerations "are not dispositive" and may be outweighed by "secondary" considerations, including a movant's lack of diligence, the Government's opposition, and concerns of administrative efficiency related to the length of the continuance request or the movant's detained status. *See In re Mayen-Vinalay*, 27 I. & N. Dec. 755, 757–60 (B.I.A. 2020); *accord L-A-B-R-*, 27 I. & N. Dec. at 412 ("Good cause . . . may not exist when the alien has not demonstrated reasonable diligence in pursuing the collateral adjudication, DHS justifiably opposes the motion, or the requested continuance is unreasonably long, among other possibilities.").

As a preliminary matter, to the extent that the IJ denied a continuance because he lacked discretion to do so, this was error. *See* 8 C.F.R. § 1003.29. However, by citing the regulation stating

4

the good-cause standard and cases setting forth the proper multi-factor standard for exercising discretion to grant a continuance, the BIA declined to affirm that portion of the IJ's decision. *See Xue Hong Yang*, 426 F.3d at 522 (where the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision as modified by the BIA decision).

The BIA affirmed the IJ's decision based on some of the relevant *Hashmi* factors: namely, that there had already been continuances granted, the case had been pending for more than one year, Diarra Gakou had sufficient prior opportunity to apply for relief, and his detained status. However, the BIA committed legal error by failing to evaluate the other *Hashmi* factors: particularly, whether Diarra Gakou's visa petition was prima facie approvable, whether he was likely to successfully adjust status if the petition was approved, and if so, whether the factors that the agency relied on outweighed these "primary" considerations. *See Freire*, 647 F.3d at 71; *see also Mayen-Vinalay*, 27 I. & N. Dec. at 757 (the agency "must consider and balance all relevant factors in assessing whether there is good cause to continue proceedings to accommodate a collateral matter before another authority" (internal quotation marks omitted)).

Although "an error does not require a remand if . . . it is clear that the agency would adhere to its prior decision in the absence of error," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d

5

315, 338 (2d Cir. 2006), we cannot conclude that remand would be futile here. First, Diarra Gakou's visa petition was prima facie approvable—and has, in fact, been approved. Second, although the BIA and the Government both emphasized that Diarra Gakou has not yet shown that he has filed an application for adjustment of status, and *Hashmi* directs that an IJ may require the application and supporting documents in order to establish prima facie eligibility for adjustment, 24 I. & N. Dec. at 792, Diarra Gakou argued before the agency that he was statutorily eligible for adjustment, and the IJ granted an initial continuance without questioning those arguments or finding that additional documentation was necessary to establish eligibility.

Finally, the agency could conclude that Diarra Gakou's adjustment application would be denied as a matter of discretion in light of his criminal history. *See Pedreros*, 503 F.3d at 166 (IJ does not abuse discretion in denying a continuance "upon his determination . . . that the adjustment application would be denied . . . in the exercise of discretion notwithstanding the approval of the petition" (quoting *In re Garcia*, 16 I. & N. Dec. 653, 657 (B.I.A. 1978)). But the agency did not reach that conclusion, and there are other factors that might warrant a favorable exercise of discretion despite Diarra Gakou's criminal history: he has lived in the United States for 18 years, his wife and four-year-old child are U.S. citizens and his mother is a lawful permanent resident,

6

he entered the United States legally as a minor, and he was only 13 years old when his visa expired. Accordingly, although the factors that the agency previously relied upon could be sufficient to justify denial of a continuance even if it found that these primary factors favored grant of a continuance, *see Mayen-Vinalay*, 27 I. & N. Dec. at 757–60, there remains a "realistic possibility of a different result on remand," *Xiao Ji Chen*, 471 F.3d at 338.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for additional proceedings consistent with this order. Petitioner's separate motion to remand is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7