Persaud v. Holder

BIA
A073 540 452

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of September, two thousand eleven.

PRESENT:
> JOSÉ A. CABRANES,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

_____

NAITRAM PERSAUD,
> *Petitioner,*

v.

ERIC H. HOLDER, JR.,
> *Respondent.*

10-1963-ag
NAC

_____

FOR PETITIONER:     Naitram Persaud, *pro se.*

FOR RESPONDENT:     Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Naitram Persaud, a native and citizen of Guyana, seeks review of a May 12, 2010, decision of the BIA denying his motion to reopen his deportation proceedings. *In re Persaud*, No. A073 540 452 (B.I.A. May 12, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we lack jurisdiction to review Persaud's arguments with respect to the underlying denial of asylum, because our review is limited to the BIA's denial of his motion to reopen, as that is the only order from which a timely petition for review was filed. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The BIA did not abuse its discretion in denying Persaud's motion to reopen as untimely. *See id*. A motion to reopen must generally be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. *See*

2

8 U.S.C. § 1229a(c)(7)(C).  There is no dispute that Persaud's motion to reopen, filed in February 2010, almost fourteen years after the BIA affirmed the IJ's denial of his asylum application, was untimely.  *See id.*

**A.   Ineffective Assistance of Counsel**

The BIA did not abuse its discretion in declining to equitably toll the time period for filing Persaud's motion to reopen because he failed to demonstrate that he exercised due diligence in pursuing reopening based on his claim of ineffective assistance of counsel.  *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). The BIA reasonably found that other than the vague assertion that Persaud "tried to contact" his former counsel, Persaud did not recount any steps he took in pursuing his claim during the nearly fourteen-year period between the BIA's decision and his motion to reopen, and thus failed to demonstrate that he exercised due diligence in pursuing his claim "during the entire period he . . . [sought] to toll."  *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008).  In an affidavit Persaud submitted before this Court, he asserts that his former counsel told him that the BIA had not decided his appeal, and that in mid-2001, he was no longer able to reach his former counsel.  Persaud does not mention any steps he

3

took to ascertain the status of his appeal to the BIA during the more than eight years after he lost contact with his former counsel, until he discovered, in 2009, that his appeal had been denied.  In addition, because Persaud's affidavit was not submitted to the BIA and is not part of the administrative record, it is of no moment here.  *See* 8 U.S.C. § 1252(b)(4)(A) (mandating that "the court of appeals shall decide the petition only on the administrative record").

**B.   Discretionary Sua Sponte Reopening**

In Persaud's motion to reopen, he requested that the BIA reopen his removal proceedings *sua sponte* to allow him to pursue cancellation of removal and adjustment of status based on his mother's approved I-130 Petition.  The BIA, in its discretion, may grant reopening outside the time limitations for motions to reopen.  *See* 8 C.F.R. § 1003.2(a).  Although we lack jurisdiction to review the BIA's discretionary decision not to grant reopening *sua sponte*, *see Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006), where the BIA declines to reopen *sua sponte* based on a misperception of law, we will remand to the BIA, *see Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009).  We

4

have also explained that the BIA has a "duty to 'consider the facts of record relevant to the motion' and provide a 'rational explanation' for its ruling."  *Sheng Gao Ni v. BIA*, 520 F.3d 125, 129-30 (2d Cir. 2008) (citing *Melnitsenko v. Mukasey*, 517 F.3d 42, 50 (2d Cir. 2008)).

Here, the BIA erred in failing to address Persaud's request for *sua sponte* reopening to allow him to pursue adjustment of status or cancellation of removal.  As the Government argues, however, remand would be futile because Persaud is statutorily ineligible for cancellation of removal and adjustment of status.  Adjustment of status is available only if, *inter alia*, "an immigrant visa is immediately available to [the alien] at the time his application is filed."  8 U.S.C. § 1255(a).  Because Persaud's priority date is not current, remand to the BIA for it to consider whether to reopen his deportation proceedings to allow him to apply for adjustment of status would be futile.  *See Conteh v. Gonzales*, 461 F.3d 45, 64 (1st Cir. 2006).

Remand for the BIA to consider Persuad's motion to reopen *sua sponte* based on his application for cancellation of removal would likewise be futile because he is ineligible for this form of relief. Because Persaud's proceedings

5

commenced (and even concluded) prior to the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), the provisions regarding cancellation of removal do not apply to him. *See* 8 U.S.C. § 1229b(b) (setting forth eligibility requirements for cancellation of removal). Instead, Persaud was required to seek suspension of deportation under 8 U.S.C. § 1254(a)(1) (repealed in 1996 with the enactment of IIRIRA), but failed to do so. *Cf. Arenas-Yepes v. Gonzales*, 421 F.3d 111, 116-17 (2d Cir. 2005). Accordingly, remand for the BIA to consider in the first instance whether *sua sponte* reopening is warranted in its discretion would be futile. *See Alam v. Gonzales*, 438 F.3d 184, 187-188 (2d Cir. 2006) (remand is not required where "there is no realistic possibility that . . . the IJ or BIA would have reached a different conclusion").

**C.   Pending Motions**

Persaud moves to supplement his brief with evidence that criminal charges against him were dismissed, which he contends is relevant to his eligibility for cancellation of removal. However, because this evidence is not part of the administrative record and was not submitted to the BIA it

6

has no bearing on whether the BIA abused its discretion in denying his motion to reopen. *See* 8 U.S.C. § 1252(b)(4)(A). Finally, because we deny Persaud's petition for review on the merits, we do not reach the Government's motion to dismiss based on the fugitive disentitlement doctrine.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7