10-4211-ag
Campbell v. Holder
BIA
Reid, IJ
A041 462 879

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of May, two thousand twelve.

PRESENT:
>　　　PETER W. HALL,
>　　　GERARD E. LYNCH,
>　　　DENNY CHIN,
>　　　　　*Circuit Judges.*

_____

RICARDO ANTHONY CAMPBELL, AKA
RICHARD SILVERA,
>　　　*Petitioner,*

>　　　v.　　　　　　　　　　　　　　　10-4211-ag
>　　　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>　　　*Respondent.*

_____

FOR PETITIONER:　　　Christopher M. Egleson, Katherine P. Scully, Akin Gump Strauss Hauer & Feld LLP, New York, New York.

FOR RESPONDENT:　　　Tony West, Assistant Attorney General; Francis W. Fraser, Senior

**Litigation Counsel; Marion E. Guyton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

**Steven Banks, Attorney-in-Chief The Legal Aid Society, New York, NY, for *amicus curiae* The Legal Aid Society.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Ricardo Anthony Campbell, a native and citizen of Jamaica, seeks review of a September 30, 2010, decision of the BIA affirming the January 11, 2010, decision of immigration judge ("IJ") John B. Reid, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ricardo Anthony Campbell*, No. A041 462 879 (B.I.A. Sept. 30, 2010), *aff'g* No. A041 462 879 (Immig. Ct. Batavia Jan. 11, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Because Campbell is removable by reason of having been convicted of an aggravated felony, we lack jurisdiction to review the agency's factual findings and discretionary determinations. *See* 8 U.S.C. § 1252(a)(2)(C). However, we retain jurisdiction to review constitutional claims or questions of law. *See* 8 U.S.C. § 1252(a)(2)(D). In order to ascertain whether Campbell raises constitutional challenges or questions of law over which we have jurisdiction, we study the arguments asserted and "determine, regardless of the rhetoric employed in the petition, whether [they] merely quarrel[] over the correctness of the factual findings or justification for the discretionary choices, in which case [we] would lack jurisdiction." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Similarly, we "lack jurisdiction to review any legal argument that is so

insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008). We review constitutional claims and questions of law *de novo*. *See Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). Because Campbell does not challenge his removability or the agency's determination that he was not statutorily eligible for asylum, our review is limited to the agency's denial of withholding of removal and CAT relief.

Campbell first argues that the IJ applied an overly strict burden of persuasion by requiring him to demonstrate a likelihood of persecution and torture by clear and convincing evidence, as opposed to by a preponderance of the evidence. Although Campbell's argument states a question of law over which we have jurisdiction, *see Khan v. Gonzales*, 495 F.3d 31, 35 (2d Cir. 2007), his contention is without merit.

An alien bears the burden of proving by a preponderance of the evidence his eligibility for asylum and related relief. *See Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 155-56 (2d Cir. 2006)*; see also In re Acosta*, 19 I. & N. Dec. 211, 215-16 (BIA 1985), *overruled on other grounds by In re Mogharrabi*, 19 I. & N. Dec. 439, 441 (BIA 1987). In Campbell's proceedings, the IJ did not explicitly state what burden of persuasion he was applying to Campbell's application for relief, and Campbell does not point to language at the merits hearing or in the decision denying relief to support his contention that the IJ incorrectly applied the clear and convincing standard. Instead, Campbell relies entirely on the IJ's statements at a master calendar hearing. At that time the IJ was attempting to explain to Campbell, who then was proceeding *pro se*, what he would need to demonstrate in order to qualify for withholding of removal or CAT relief. The IJ informed Campbell that he would have to "convince" the immigration court that he would more likely than not be persecuted or tortured if removed to Jamaica. Campbell contends that the IJ's use of the word "convince" at his master calendar hearing demonstrated that the IJ erroneously applied "a 'clear and convincing' standard or something like it."

We have stated that "in the ordinary civil suit, usually a judge commits reversible error if he instructs the jury that the plaintiff cannot recover unless he 'convinces' them (or the like) [because s]uch a charge . . . indicates something midway between a preponderance' and 'beyond a reasonable doubt,' and should therefore be reserved for certain exceptional sorts of civil cases where more than a 'preponderance' is required." *Larson v. Jo Ann Cab Corp.*, 209 F.2d 929, 930-31 (2d Cir. 1954); *see also Ostrowski v. Atl. Mut. Ins. Cos.*, 968 F.2d 171, 187 (2d Cir. 1992). Nevertheless, we have declined to reverse a judgment notwithstanding the repeated use of the word "conviction" in the jury charge when the charge as a whole left "no room for a just inference that the verdict was legally defective." *Larson*, 209 F.2d at 935. In this case, unlike the situation discussed in *Larson*, in using the word "convince," the IJ was not instructing the fact-finder as to Campbell's burden of persuasion. The IJ was simply trying to explain to Campbell, who had the burden of proof, that he would have to persuade the IJ as fact-finder that he would more likely than not be persecuted or tortured if removed to Jamaica. *See id.* at 931-35. There is absolutely no indication that the IJ, as fact-finder, applied anything other than the preponderance of the evidence standard in considering the evidence presented at Campbell's merits hearing or in reaching his ultimate decision on the merits. The IJ's use of the word "convince" during a master calendar hearing to describe for a *pro se* petitioner the task that he was about to undertake does not demonstrate legal error requiring remand. As there was no legal error in this respect, that portion of the petition for review advancing this argument is denied.

Campbell also argues that the IJ committed an error of law by ignoring material evidence that he would more likely than not be persecuted and tortured in Jamaica. We have rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008)(internal quotation marks omitted), and we presume that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen*, 471 F.3d at 337 n.17. We have further recognized "that the agency does not commit an 'error of law' every time an item

4

of evidence is not explicitly considered or is described with imperfect accuracy." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009).

Campbell contends that the IJ erred by relying on the fact that he was able to remain unharmed in Syracuse, New York, for years after being exposed as a police informant against Jamaican gang members, while ignoring the facts that Jamaican gangs no longer operated in Syracuse and that Campbell had police protection in that city. Campbell's argument, however, challenges the IJ's factual findings, which we lack jurisdiction to review. *See Xiao Ji Chen*, 471 F.3d at 329. Similarly, Campbell's arguments that the IJ ignored other evidence, including evidence that some members of a politically connected Jamaican gang had been deported to Jamaica and that he had received direct threats demonstrating a likelihood that he would be persecuted and tortured in Jamaica, are also nothing more than to the IJ's evaluation of the facts, which we also lack jurisdiction to review. The same is true with respect to Campbell's arguments regarding shots being fired at a house in Syracuse.

Ultimately, Campbell's arguments that the IJ erred as a matter of law by failing to consider material evidence in the record regarding his ability to remain unharmed in the United States and the threats that he received amount only to a challenge to the correctness of the IJ's factual finding—a challenge that we lack jurisdiction to review. That portion of the petition for review raising these challenges is therefore dismissed.

Campbell also argues that the BIA's decision is incomprehensible and flawed such that remand is required. Specifically, Campbell contends that: (1) the BIA's citation to the Attorney General's decision in *Matter of J-F-F-*, 23 I. & N. Dec. 912, 915-17 (A.G. 2006), was "confusing" and "bizarre"; (2) the BIA's statements regarding his argument that the IJ ignored an Amnesty International report in the record were non-responsive; (3) the BIA's discussion of the Amnesty International report was erroneous; and (4) the BIA failed to explain adequately its conclusion that Campbell did not demonstrate that the Jamaican government would be willfully blind to his torture. While the BIA's failure to explain a decision rationally may constitute an error of

law, *see Sheng Gao Ni v. BIA*, 520 F.3d 125, 127 (2d Cir. 2008), no such error exists here. We have reviewed each of these challenges and find them to be without merit. To the extent the petition seeks to advance these challenges, the petition for review is denied.

Finally, Campbell raises no colorable legal challenge to the agency's determination that he failed to establish a likelihood of persecution. Because that determination provided an adequate basis for the agency's denial of withholding of removal, we need not, and thus do not, address Campbell's challenge to the agency's alternative basis for denying him that form of relief, namely its conclusion that he failed to demonstrate that his proposed social group had the requisite social visibility to be recognized as such. *See* 8 C.F.R. § 1208.16(b)(1).

The Legal Aid Society's motion to submit an *amicus curiae* brief is GRANTED, *see* Fed. R. App. P. 29, 32; although we have fully considered the arguments set forth therein, as discussed above, we find no legal error in the agency's decision.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, Campbell's pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk