*Dong v. Sessions*

BIA
A077 993 626

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of July, two thousand seventeen.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> DENNY CHIN,
> *Circuit Judges.*

_____

LI PING DONG, AKA SANDY MIKYUNG CHO,

> *Petitioner,*

> v.                                                    16-1137
>                                                       NAC

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:              Meer M. M. Rahman, New York, NY.

**FOR RESPONDENT:** Chad A. Readler, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; D. Nicholas Harling, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Li Ping Dong, a native and citizen of the People's Republic of China, seeks review of a March 17, 2016, decision of the BIA denying her motion to reopen. *In re Li Ping Dong*, No. A077 993 626 (B.I.A. Mar. 17, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"We review the denial of motions to reopen immigration proceedings for abuse of discretion." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The BIA denied reopening on two grounds. Dong does not dispute that her motion—her second request to reopen filed twelve years after her removal order—was untimely and number-barred. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Nor does she dispute that an

2

application for adjustment of status does not fall into any exception to those limits. *See Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009) ("[E]mphasiz[ing] that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board.").

Thus, Dong's request necessarily invoked the BIA's authority to reopen her proceedings sua sponte. *See Mahmood v. Holder,* 570 F.3d 466, 469 (2d Cir. 2009) ("Because Mahmood's untimely motion to reopen was not excused by any regulatory exception, his motion to reopen could only be considered upon exercise of the Agency's *sua sponte* authority."); *see also* 8 C.F.R. § 1003.2(a). The BIA's determination as to whether it will exercise its sua sponte authority "is entirely discretionary" and thus beyond the scope of our jurisdiction. *See Ali*, 448 F.3d at 518. Although we may remand if the BIA declines to reopen sua sponte "because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood,* 570 F.3d at 469, the BIA's decision does not reflect any such misperception.

Petitioner's reliance on *Sheng Gao Ni v. Board of Immigration Appeals*, 520 F.3d 125 (2d Cir. 2008), is misplaced. In *Sheng Gao Ni*, we remanded because the BIA incorrectly assumed that the petitioners sought to have the BIA adjudicate their adjustment of status applications, rather than continue proceedings. 520 F.3d at 130. Dong's adjustment application has already been denied, and thus there was no basis for a continuance. Moreover, here, the BIA did not conclude that it lacked jurisdiction; it simply found that Dong did not establish exceptional circumstances that would warrant reopening. Dong does not identify any basis to challenge this dispositive determination.

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4